## GORSUCH v STABLER et

Ohio Appeals, 1st Dist, Butler Co

No 584.   Decided Nov 15, 1933

Andrews, Rogers & Scott, Hamilton, for plaintiff in error.

Harry J. Koehler, Jr., Hamilton, and Harry S. Wonnell, Hamilton, for defendants in error.

## OPINION

By HAMILTON, PJ.

The first claim of the plaintiff in error is, that the accusation against Gorsuch was not correct, and that he was given no opportunity to present any evidence in defense or make any argument in defense. On this point the bill of exceptions states:

"Appearances:

   C. W. Elliott, in behalf of Rose Newlin

   W. S. Harlan, in behalf of Stella Shafer

   H. S. Wonnell, in behalf of estate and guardians.

BE IT REMEMBERED, that at the May term, A.D., 1931, of the Probate Court of Butler County, Ohio, to-wit: August 31st, 1931, Honorable Gideon Palmer, Judge Presiding, this cause came on to be heard on two motions filed herein asking for the removal of the several guardians, and was submitted to the court without the intervention of a jury.

Thereupon C. W. Elliott, in behalf of Rose Newlin, requested a separation of witnesses, which request was refused by the court.

And thereupon, the court being asked by counsel how to proceed in the hearing, the court stated that there were two motions almost identical filed and before the court and that the court believed that any evidence produced in support of either motion would be so inter-related, that the court could consider all evidence produced in relation to both of said motions.

And thereupon, C. W. Elliott, in behalf of Rose Newlin, read to the court, motion asking for the removal of Stella Shafer.

And thereupon, the following testimony, evidence, and exhibits were offered and received in evidence in behalf of Rose Newlin."

It therefore appears that Gorsuch was present at the trial; that both motions were before the court; that the evidence, as suggested by the court, was taken with reference to both motions. It appears that H. S. Wonnell appeared in behalf of the Estate and the Guardians; C. W. Elliott appeared for Rose Newlin, who filed one of the motions; and W. S. Harlan appeared in behalf of Stella Shafer, one of the Guardians. This procedure was followed without objection. It must therefore be considered that the evidence taken applied to the motion to remove Gorsuch as it did to the motion to remove Shafer.

Gorsuch appeared and gave testimony concerning all the transactions relative to

the handling of the ward's estate and the difficulties attendant thereon. So that no prejudice resulted to Gorsuch from the procedure had. He was given full opportunity to present his case and did so.

The trial court refused to separate the witnesses, which matter was within its discretion.

The only question remaining is whether the trial court was manifestly wrong in removing Gorsuch as Guardian.

Sec 10936, GC, (now 10506-53 GC), provides for the removal of guardians. The pertinent part of this section is as follows:

"The Probate Court may remove any Guardian, he having not less than five days' notice thereof, for * * * or other cause, which in the opinion of the court, renders it for the interest of the ward that he be removed."

The Guardians have no property right in the trust as such. The removal by the Probate Court for the best interests of the ward gives the court a wide discretion. True, the removal must not be whimsical or without cause, but, as heretofore stated, since the interest of the ward is the only thing to be considered, the Probate Court exercises a wide discretion.

It appears from the bill of exceptions that the two guardians were unable to agree and became at loggerheads concerning all the matters of the estate. There appears to have been two sets of next of kin, Shafer being friendly with and guided by communications from one set of the next of kin, while Gordon seems to have been somewhat interested in the other set. The Guardians became so wide apart in their administration of the estate that they were frequently before the Probate Court for administrative advice. They were likewise consulting other counsel than counsel representing the estate. It is apparent that it would be impossible for the two guardians under such circumstances to properly administer the trust. At least there was sufficient before the court to consider that the best interest of the estate would be to have a sole guardian to administer the trust. It would have been difficult indeed for the court to sustain one motion and not the other.

Our conclusion is that the Court of Common Pleas was correct in affirming the judgment of the Probate Court, and that judgment is affirmed.

ROSS, J, concurs.