**STATE ex WEBER v EIRICK et**
**STATE ex BARRETT v EIRICK et**

Ohio Appeals, 8th Dist, Cuyahoga Co

Nos 14000 & 13999. Decided May 7, 1934

Wm. C. Dixon, Cleveland, for relator.
Chas. W. White, Cleveland, for respondents.

## OPINION

By LIEGHLEY, PJ.

At the hearing it was stated and admitted that the two cases are in principle identical in all respects with one exception. In the Barrett case the reason assigned in the notice for the discharge was "Partisan Political Activity on or about October 3rd, 1933, or on or about November 7th, 1933." The reason given in one case is no more specific than in the other, and the decisions of both must be the same.

The only question urged for decision was whether or not the reasons assigned in the notices for the discharge of the respective relators were sufficient and constituted legal reasons within the requirements of §128-m of the Charter.

Section 128 so far as pertinent hereto reads as follows:

"The rules of the civil service commission shall among other things, provide: * * *.

"(m) For discharge or reduction in rank or compensation, only after the person to be discharged or reduced has been presented with the reasons for such discharge or reduction specifically stated in writing and has been given an opportunity to be heard in his own defense. The reasons for such discharge or reduction and any reply in writing thereto by such employe shall be filed with the commission."

Sec 486-17a GC, which is a section of the State Civil Service Act, is in substance and scope of requirement almost identical with §128-m of the Charter. This section of the General Code received the consideration of the Supreme Court in the case of State ex v Board of Agri., 95 Oh St 276. The third paragraph of the syllabus follows:

"The provision of §486-17a GC, that in all cases of removal the appointing authority shall furnish the employe its reasons for the order of removal, is mandatory and the failure of the appointing authority to comply with this provision is fatal to such order and the same is a nullity."

The relator takes the position and proceeds upon the theory that he was never legally removed. He denies the sufficiency of the notice in that the reason assigned did not constitute a specific statement in writing of the specific ground therefor.

Inasmuch as it is mandatory that a classified employee be presented with specific charges in writing before he may be legally discharged, and that this is a mandatory duty upon the part of the appointing officer, the question is whether or not these notices fulfill the requirements of §128-m of the Charter. With what details must the reasons assigned be accompanied?

The law is stated generally in 7 **Ohio Jurisprudence, page 596, §89:**

"The requirement that the appointing officer furnish the person removed with the reasons for removal is mandatory and an order of removal which does not disclose the reasons therefor is wholly ineffective and void.

"The statement of the reasons need not be as specific and particular as an indictment, nor drawn with the formal exactness of pleadings in a court of justice. But it must advise the employee of the charge against him in terms sufficiently explicit to enable him to make an explanation if he so desires. It is clearly insufficient to state merely that the removal is "for good and sufficient reasons." In the case of general charges, such as incompetency, the nature of the incompetency should be set forth. In the case of particular acts such as immoral conduct, neglect of duty, etc., such acts should be described and identified with sufficient particularity to enable the subordinate to recognize and explain them if possible."

In the cases of State ex Dewald v Matia, 125 Oh St 487, and State ex Votaw v Matia, 125 Oh St 598, it was held that a charge or reason for discharge in the following language did not comply with the provisions of the Charter requiring the reasons to be specifically stated so as to give opportunity to the relator to be heard in his own defense: "Political activity of such nature as to indicate your inability to co-operate." These were cases involving the same sections of the Cleveland Charter that are involved in the cases before us.

In the case of State ex v Board of County Commissioners, 47 Oh Ap 1, (14 Abs 532) recently decided by the Third Appellate District Court and reported in Ohio Bar Association Report under date of April 30th, 1934, it was held that the reason for discharge must embody averments of facts sufficient to constitute a statutory ground.

Section 140 of the Charter is entitled "Political Activity Prohibited," and reads as follows:

"No person about to be appointed to any position in the administrative service' of the city shall sign or execute a resignation, dated or undated, in advance of such appointment. No person in the service of the city shall discharge, suspend, lay off, reduce in grade or in any manner change the official rank or compensation of any person in such service, or promise or threaten to do so, for withholding or neglecting to make any contribution of money or service or any valuable thing for any political purpose. No person in the service of the city shall use his official authority to influence or coerce the political action of any person or body, or to interfere with any nomination or election to public office. No person in the classified service of the city shall act as an officer of a political organization or take part in a political campaign, or serve as a member of a committee of any such organization, or circulate or seek signatures to any petition provided for by primary or election laws, or act as a worker in favor of or in opposition to any candidate for public office."

"Partisan political activity" is a very general term covering about everything and anything that·has to do with matters political. There may be political activities that are not comprehended within the kinds enumerated in §140. This section specifically enumerates what activities are inhibited thereby. No classified employee shall influence political action of any person or body or coerce political action or interfere with any nomination or election to public office or act as an officer of a political organization or take part in a political campaign or serve as a member of a committee of any such organization or circulate or seek signatures to any petition for primary or election or act as a worker in favor of or against any candidate for public office. It is not difficult to think of other activities of a clear political character that may not be within these classifications of activities.

In the Votaw case above cited the Supreme Court cites with approval the case of Patton v Philadelphia, 273 Pa. 427, and quotes therefrom the third proposition of the syllabus as follows:

"The written statement of the reasons for dismissal are not required to specify time and place of inefficiency, neglect and absence with definiteness, if it is ample enough to inform of the nature of the offense with which the employee was charged."

The relator was charged with "partisan political activity." Whether he was active as a political worker at a booth or circulated nominating petitions or sought to influence or coerce the political action of another, or what not, is not specified. Charged with this reason for his discharge in the specific language used, even no information was given him of what particular kind of activity enumerated in §140 he was deemed to be guilty of. If his political activity consisted in serving as an officer of a political organization, or acted as a political worker, for example, such reason might enable him to answer and defend. If the political activity of which he was claimed to be guilty was one not enumerated or comprehended within the activities classified in §140, he could likewise file a reply.

It is our opinion that the reason for discharge contained in the notice to a classified employee need not necessarily specify time and place and kindred·details. However, it should be specific enough to advise him of the nature of the offense with which he is charged. If the offense be political activity it should specify the kind and · character of political activity with appropriate language embodying sufficient facts to advise him of the charge against him and that he thereby violated a prohibitive provision of §140 of the Charter.

It is our opinion that these notices given in these two cases fall short of the requirements of the sections of the Charter incorporated within the foregoing opinion.

The demurrers are therefore overruled with exceptions.

LEVINE and McGill, JJ, concur in the judgment.