### SPEER v McKEE et

Ohio Appeals, 2nd Dist, Montgomery Co

No 1327.   Decided July 31, 1935

L. E. Speer, Dayton, for plaintiff in error. Elliff & Miller, Dayton, for defendant in error.

## OPINION

By BARNES, PJ.

Considering the provisions of the Code in connection with the original papers before us, it necessarily follows that the action of the Probate Court must have been

predicated upon evidence, and in the absence of a bill of exceptions we have no means of determining whether or not the Probate Court abused his discretion in his judgment of removal. As between counsel's affidavit claiming no evidence and the judgment of the court setting forth with his determination that the cause was heard on the application * * * and the evidence, we must accept the judgment of the court.

The journal entry of the Probate Court above referred to bears the signature of the plaintiff administrator, thereby disclosing that same was submitted to him before filing. Nowhere in the original papers do we find any objections made to that part of the entry wherein it states that the court determined the case upon the evidence. We are quite sure that if the administrator is correct in his statement that no evidence was introduced, the Probate Court would have the entry so show if counsel had called attention to this claimed erroneous statement.

The administrator would have had a further remedy by appeal under §10501-56, GC. The last paragraph of this section provides as follows:

"The cause so appealed shall be tried, heard and decided in the Court of Common Pleas in the same manner as though the Court of Common Pleas had original jurisdiction thereof."

The plaintiff in error elected to proceed on error, as authorized under §12241 GC.

On the record before us we find no prejudicial error, therefore the judgment of the Court of Common Pleas will be affirmed and the cause remanded to the Probate Court for further proceedings according to law. Costs will be adjudged against plaintiff in error. Exceptions will be allowed.

HORNBECK and BODEY, JJ, concur.

## ON APPLICATION FOR REHEARING

Decided Nov 12, 1935

By THE COURT

The above entitled cause is now being determined on application of plaintiff in error for rehearing.

The original decision in the cause was rendered July 31st, 1935. Until today, we had no knowledge that application had been made for rehearing. This is due to the fact that counsel for plaintiff in error has overlooked the provision of Rule XIII as found in 38 Ohio Appellate Reports in the early pages containing the Rules of Practice of Courts of Appeals of Ohio.

Rule XIII provides that applications for rehearing must be made to the Presiding Judge within ten days after the decision is announced, one copy to be sent to each Judge and to each of opposing counsel.

It is not proper to file the application for rehearing with the Clerk of Courts. It is not a pleading, but purely an application and directed to the court personally.

Notwithstanding the irregularity, we have examined the application and the memorandum attached. We find no proposition not considered in the original opinion.

Therefore the application for rehearing will be overruled.

BARNES, PJ, HORNBECK and BODEY, JJ, concur.