### FIEBIG, ESTATE OF, In Re

Ohio Appeals, 1st Dist, Hamilton Co

No 5476.  Decided Nov 1938

James G. White, Cincinnati, for apppellant.

Albert H. Leeker, Cincinnati, for executor.

### OPINION

By HAMILTON, J.

The questions involved originated in the Probate Court and grow out of two motions filed by a creditor corporation of the estate of Clara Fiebig, deceased, Edward H. Fiebig, a son of the decedent being the executor of the said estate.

The first motion included an objection to the schedule of debts filed by the executor, and sought to have excluded therefrom a certain joint mortgage to the Town Hall Savings & Loan Association of St. Bernard, Ohio, for the sum of $7500.00, claiming that but a part of said mortgage obligation was the debt of the executor, and not that of the estate.

The second motion was an application asking for the removal of said executor for the reason that his interests were adverse to the estate.

The Probate Court overruled both motions and, on appeal to the common pleas court, that court likewise overruled the motions and from that judgment the Cincinnati Securities Corporation files this appeal.

The case is submitted on an agreed statement of facts which is as follows:

"Now comes The Cincinnati Securities Corporation, by Joseph J. White, its attorney, and Edward R. Fiebig, executor of the estate of Clara Fiebig, deceased, by Albert H. Leeker, his attorney, and agree upon the following facts, to-wit:

That on April 19, 1930, a certain mort-

gage deed was signed by Edward R. Fiebig, Viola M. Fiebig, Fred Fiebig and Clara Fiebig which said mortgage was in favor of The Town Hall Savings & Loan Association, of St. Bernard, Ohio; that the amount secured by said mortgage was $7500.00; that said mortgage was left for record with the recorder of Hamilton County, Ohio, and duly recorded in Mortgage Book 1519, page 23; that said mortgage covered the following property, to-wit:

Lot No. 452 of Stephen Kemper's Heirs Subdivision as recorded in Plat Book 8, Volume 2, pages 33 and 34, Hamilton County, Ohio, Recorder's office; and also lot 453 of Stephen Kemper's heirs subdivision as recorded in Plat Book 8, Vol. 2, pages 33 and 34, Hamilton County, Ohio, Recorder's Office;

that at the time of the execution of said mortgage the record title to Lot 452 was then and now is in the name of Edward H. and Viola M. Fiebig; that the record title to Lot 453 was then and now is in the name of Clara Fiebig; that at the time of the death of Clara Fiebig the balance due on said mortgage amounted to approximately $6700.00."

From this agreed statement of facts and under the law applicable, each and all the signers of the mortgage obligation are primarily liable for the debt, and, therefore, it constituted a primary debt of the estate. If the estate satisfied the debt, it would be entitled to contribution from the other joint debtors, which contribution would be an asset of the estate, and could be collected as such.

Since the estate is primarily liable for the debt, we see no error in listing it in the schedule of debts filed.

On the motion to remove the executor, the only ground suggested is the joint obligation on the mortgage of the executor with the estate, thereby creating an adverse interest. We do not feel that that fact alone is sufficient. Under the law any debt owing the estate by the executor becomes an asset of the estate and the estate is protected by the execution bond which the Probate Court ordered given. See §10509-67, GC. If the executor fails to properly charge himself in his accounts, exceptions may be taken thereto. Moreover, we would have to find the Probate Court and the court of common pleas abused their discretion in the matter, and this we cannot do, as there is nothing in the agreed statement except the state-

ment of a joint obligation under a mortgage on certain described property.

The judgment is affirmed.

ROSS, PJ, and MATTHEWS, J, concur.