**BOEDEKER et v HERR, Admrx.**

Ohio Appeals, 2nd Dist, Greene Co.

No. 451.  Decided Nov. 6, 1939

John W. Dale, Dayton, for appellant.
Harry D. Smith, Xenia, for appellees.

**OPINION**

By HORNBECK, PJ.

The notice of appeal from the Court of Common Pleas in this case is given as "on questions of law and questions of law and fact" and a bond in the sum of $100.00 was fixed and given in the Common Pleas Court.

The original proceeding was instituted in the Probate Court in the form of an application for removal of Katie Lang Herr as administratrix with the will annexed of the estate of Peter Lang, deceased.  The application was predicated upon three grounds.  One, that it was made by individuals who represent more than one-half interest in the estate of Peter Lang, deceased.  Two, that Katie Lang Herr, when appointed agreed with the applicants that she should continue as administratrix during the lifetime of her mother, Mary Lang. Three, that the best interests of the estate demand the removal of the administratrix because a part of the estate consisted of a farm of 800 acres; that it should be superintended by a practical and experienced farmer who could go upon the land and over the premises and supervise the actual farming and care of said property.

The Probate Judge held against the applicants on the first two grounds of the application but supported them on the third ground and ordered the administratrix removed.  An appeal on questions of law and fact from this order of removal was prosecuted to the Common Pleas Court.  The case was

there again tried de novo and the trial judge reached the same conclusions as the Probate Judge and again entered the order of removal.

At the outset we are met with the motion of appellees to dismiss the "attempted appeal because it is not in the interest of the trust but in the individual interest of Katie Lang Herr and the notice is given by Katie Lang Herr as administratrix and not in her individual capacity and she has given no bond as an individual".

The question raised by the motion is not free from difficulty. However, it is our judgment that the motion should be overruled. It may properly be said that the appeal from the Probate Court was not in the interest of the trust. However, the administratrix did not rely upon her official bond to support her appeal but gave a supersedeas bond. The effect of this bond was to suspend the judgment of the removal. This, in probability left to the administratrix the status which she enjoyed before the removal and the capability of being a proper party appellant. The judge of the Common Pleas Court overruled a similar motion. As a matter of fact the Common Pleas Court is the only place where the question of the necessity of giving a bond could be raised without a cross-appeal as the appeal to this court can only be on questions of law inasmuch as the appellant had had one appeal to the Common Pleas Court on questions of law and fact. The motion of appellees in this court would be proper insofar as it undertakes to challenge the right of appellant as a proper party to the appeal in this court. The motion to dismiss will be overruled.

We come then to a consideration of the appeal on its merits. The Section of the General Code under which the proceeding to remove was instituted is 10506-53, which sets out the causes for which a fiduciary may be removed, among which is, "because the interest of the trust demands it". It was for this designated reason that both the Probate and the Common Pleas Courts ordered the administratrix removed.

It is the claim of appellant that the courts merely accepted the theory that the farm in question should be operated as a stock farm as distinguished from a grain and crop farm as it was being conducted by the administratrix. The appellees assert that they concede that it is proper to operate the farm in part for the raising of crops but that in conjunction therewith there should be some live-stock raised on said farm. It is true that much of the testimony related to one or the other of the conflicting claims of the parties respecting the advisability of stocking the farm with more live-stock, raising it and getting the benefit of the feeding of the stock on the farm together with the income from the marketing thereof.

An examination of the opinions of both courts discloses that while they gave consideration to the controversial question heretofore set out they also based their conclusions upon the age of the administratrix, her general business ability, her knowledge of farming, her appreciation of the work carried on on the Lang farm and the business experience relating thereto and the financial returns resulting therefrom. The fact is that a number of the beneficiaries from the proceeds of the farm did not maintain friendly relationship to the administratrix and were of the opinion that the best interests of all beneficiaries would be conserved by the administratrix's removal. This testimony was not decisive but was very properly considered along with other facts and circumstances touching the ultimate question of what was in the best interests of the trust.

As we consider this appeal on questions of law it would be necessary, if we are to reverse, that we find that the Common Pleas Judge had no sufficient basis in any favorable view of the evidence for the decision reached and judgment entered. We cannot so find. It is one of the grounds for removal that the interest of the trust

demands it. Under all of the facts and circumstances developed the court had a right to so find.

The judgment will be affirmed.

GEIGER and BARNES, JJ., concur.