## MARSHALL, Will of, In re.

Ohio Appeals, Second District, Franklin County.

No. 3862. Decided February 13, 1946.

R. M. Kilbourne, Columbus, for Appellant.

J. Paul McNamara and H. E. Gingher, Columbus, for Appellee.

## OPINION

By WISEMAN, J.

This is an appeal on law from the judgment of the Probate Court of Franklin County which ordered the removal of Mary M. Von Schmidt as trustee under the will of Alma F. Marshall, deceased. The record shows that Alma F. Marstall died testate in July, 1942; that her will was duly admitted to probate, and on July 14, 1942, Mary M. Von Schmidt was appointed executrix. The will also appointed her trustee but she failed to qualify as trustee until December 31, 1943. The appellant, Mary M. Von Schmidt is the daughter, and the appellee, John Marshall, is the son of the testatrix. During the latter part of 1943 the appellee conducted an investigation of the administration of the estate, which he believed was not being administered according to law. The executrix filed her first and second accounts and in January, 1944, the appellee raised objections to certain items of disbursements in said accounts. The Probate Court directed the appellant in March, 1944, to file amended accounts, which she did on April 6, 1944. On April 20, 1944, the appellee filed exceptions to these accounts. The exceptions and the ac-

counts were referred to a special master commissioner who took evidence in regard thereto and rendered to the Court a comprehensive report in which he sustained the exceptions to certain items in the account and found that the executrix should be surcharged as to those items. Probate Judge McClelland modified the findings of the special master commissioner with respect to one item and confirmed the report with respect to all other matters. The Court surcharged Mary M. Von Schmidt in the sum of $5259.32. A judgment was rendered against her personally on December 22, 1944, for said amount. Thereafter, to wit, on April 5, 1945, the appellee filed his motion in the Probate Court for the removal of Mary M. Von Schmidt as trustee on the ground that she had been guilty of neglect of duty as trustee, and that the interest of the trust demanded that she be removed as trustee. This motion was filed under the provisions of §10506-53 GC. Proper notice was given to the trustee of the hearing, which was continued at the request of the trustee until May 3, 1945, at which time the Probate Court heard the evidence on the motion. The appellant appeared with counsel and opposed the motion. The trial court found that the appellant had been guilty of neglect of duty as trustee and the interest of the trust demanded that she be removed. The order of removal was entered July 25, 1945.

In her assignments of error the appellant contends that the Probate Court erred in permitting the institution of the proceeding for removal by motion rather than by a petition. §10506-53 GC, which provides for the removal of a fiduciary or trustee does not specify the form of pleading which is required in instituting a removal proceeding. The third and fourth paragraphs of that section provide as follows:

"The probate court may remove any such fiduciary, he having not less than ten days' notice thereof, for habitual drunkenness, neglect of duty, incompetency, fraudulent conduct, because the interest of the trust demands it, or for any other cause authorized by law.

"The probate court may remove a trustee upon the written application of more than one-half of the persons having an interest in the estate controlled by such trustee, but the trustee himself is not to be considered as a person having an interest in such estate under such proceedings; except that no trustee appointed under a will shall be removed upon such **written application** unless for a good cause." (Emphasis ours.)

Appellant contends that since this section requires a "written application" to be filed, a petition should be filed as in an adversary action. In **Volume 18 O. Jur., page 134, Sec. 90,** there is found a statement that an application for removal may be made by motion in writing or by a formal complaint. It has been the common practice in Ohio to institute removal proceedings by the filing of a motion, which this Court approves. See **Marshall v Heckerman, 103 Oh St 559.** In re Breckenridge, 7 C C N S 86. **Gorsuch v Stabler, 16 Abs 250.** Upon a proper showing the Court may act sua sponte. **In re Estate of Adams, 71 Oh Ap 113.**

The appellant contends that the Court erred in refusing to make the remainder-men in said trust parties to the action. **Sec. 10506-53 GC**, does not provide for giving notice to any persons other than the fiduciary or trustee. In the instant case the trustee alone was a necessary party to the determination of the issue.

The appellant contends that the court erred in not sustaining the motion of the trustee to make the motion for removal definite and certain. It is the contention of the appellant that the Court should have required the movant to set forth in detail the facts on which he relied in seeking the appellant's removal. Again it must be observed that a removal proceeding is controlled entirely by statute, (Sec. 10506-53 GC) which neither prescribes the procedure nor the particularity of the pleading which may be filed to effect a removal. The trial court found that any proper complaint which would bring to the attention of the Court the matters complained of would be sufficient to meet the requirements of the statute, and that the matter of definiteness and certainty of the allegations set forth in the motion is a matter within the sound discretion of the Court. We approve of the judgment of the trial court in this regard and further hold that upon the examination of the record there is no evidence to indicate that the appellant was in any way inconvenienced, surprised, or prejudiced by failing to sustain her motion to make the motion for removal definite and certain. The record clearly discloses that the appellee relied on the record of the hearing which took place on exceptions to her accounts as executrix, and the judgment of the Probate Court in surcharging her personally for a large sum of money.

The appellant contends that the trial court committed error in the admission of certain evidence, to wit, the file

and records in the estate of Alma F. Marshall, deceased, and the record of the hearing before the Special Master Commissioner on exceptions to the accounts of the executrix, and a copy of a letter addressed to the executrix and her attorney. The administration of the estate by the appellant in her capacity as executrix and the administration of the trust by her in the capacity of trustee, are closely related and it was proper to present to the Court at the hearing on a motion to remove, the record of her administration of the estate as executrix and the record before the special Master Commissioner on exceptions to the account.

The record in this case discloses that under the will of the testatrix the appellee together with the appellant each shared one-half of the income arising from said estate. Under the law, they were entitled to the income from the date of the death of the testatrix, payable quarterly or oftener, as provided in the will. The record shows that the executrix did not qualify as trustee for a period of approximately seventeen months after the death of the testatrix. It was not until the appellee pressed the matter in the Probate Court that the appellant qualified as trustee. During this interval the appellee was receiving no income from said estate as he was entitled to receive under the law and under the provisions of the will.

While it is true that the appellant acted in two capacities, one as executrix and the other as trustee, nevertheless, if the Court should find, which it did find in this case, that the executrix had been guilty of neglect in the administration of the estate, and in fact was surcharged personally for a large sum of money, in a hearing on a removal of the appellant as trustee the Court had a right to take such matters into consideration in determining whether or not the interest of the trust required her removal. Suppose a fiduciary is convicted of embezzlement in a matter not involving the trust. Upon being properly informed of that fact, can it be disputed that the Court would be justified in removing the fiduciary after due notice and hearing on the ground that the interest of the trust demanded it?

On the right of the Court to take into consideration the conduct of Mary M. Von Schmidt in her capacity as executrix, Scott on Trusts, Section 107, uses the following language:

"Where a person is both executor and trustee, and he is guilty of such misconduct as executor as to cause his removal as executor, ordinarily he will be removed also as trustee, even though the two offices are not inseparably connected. * * * Where the same person is executor and

trustee, evidence of his misconduct as executor is admissible in a suit to remove him as trustee."

In the case of **In re Estate of Adams, 71 Oh Ap 113,** wherein it was sought to revoke the letters of appointment of an administrator de bonis non, the Court, on page 120, say:

"After a consideration of the authorities, we are of the opinion, and so hold, that Hooffstetter had a right to file and prosecute said motion in the Probate Court. We are further of the opinion that the Probate Court was fully justified in removing said administrator upon the motion of Hooffstetter; indeed, if the conduct of the administrator, after the judgment of this court, had come to the knowledge of the Probate Court in any manner, and the administrator had been given an opportunity to defend his conduct, the Probate Court could have sua sponte removed said administrator and it would have been the court's duty to do so."

The appellant contends that the judgment of the trial court is not sustained by sufficient evidence, is contrary to law, and that the Court abused its discretion in ordering her removal. This proceeding was instituted under the provision of §10506-53 GC, which provides for the removal of a "fiduciary." The term "fiduciary" as used in this section includes "trustee." **Sec. 10506-1 GC.** It will be observed that this section, after enumerating specifically certain causes for removal, provides that any such fiduciary may be removed "because the interest of the trust demands it." In regard to a trustee, the section provides that "No trustee appointed under a will shall be removed upon such written application unless for a good cause." Notwithstanding the provisions of this section, it is well established that the Probate Court is given a broad discretion in a proceeding for the removal of a fiduciary or trustee. In **18 O. Jur., page 129, Sec. 86,** it is stated:

"A very broad discretion in the matter of removal is given the court by the statute, which, after enumerating specific causes, states, in addition, 'because the interest of the trust demands it'."

See **Gorsuch v. Stabler, 17 Abs 250. Spear v. McKee, 21 Abs 77. Bodecker v. Herr, 30 Abs 375.**

An incomplete stipulation was filed with respect to the use

of Exhibits 1 and 2, being the records of the administration of the estate and the transcript of the hearing before the Special Master Commissioner. Inasmuch as said stipulation is not signed by both counsel such exhibits are not available for the purpose of examination by this Court, as they are not attached to the bill of exceptions. The trial court had all these matters before it and this Court must proceed on the assumption that the trial court on consideration of all of the evidence was justified in ordering the trustee removed by reason of incompetency and neglect of duty; her removal was also justified because of proof of hostility shown toward her brother, the appellee, and further because she was surcharged for a large sum of money and by reason thereof, the interest of the trust demanded her removal.

For this Court to reverse the judgment of the trial court, it would be incumbent upon this Court to find that the trial court, after hearing all of the evidence, abused its discretion in ordering the removal of the appellant. This we cannot do on the record before us. We are of the opinion that the record discloses no prejudicial error, and that the judgment is not contrary to law.

The judgment of the trial court will be affirmed.

HORNBECK, P. J., and MILLER, J., concur.