**PRICE, An Incompetent, Guardianship, In re.**

Probate Court, Preble County.

No. 19650. Decided November 16, 1959.

Dye & Ernst, Eaton, for the guardian.
Walter H. Earley, Eaton, for the applicant.

## OPINION

By ZIEGEL, J.

Edwin C. Price, a son of Anna E. Price, the ward in these proceedings, does not believe that his sister, Ruth Kilmer, the duly appointed, qualified, and acting guardian of the said Anna E. Price, an incompetent person, should continue to function in that capacity. He has, therefore, filed his application to terminate her appointment, alleging as grounds for such termination, first, that Ruth Kilmer is not a resident of Preble County; and secondly, that a conflict of interest more fully described in this opinion exists between persons in interest in this guardianship.

As to the first point, with respect to the residence qualifications of a guardian, §2109.21 R. C., provides that "A guardian shall be a resident of the county, except that the Court may appoint a nonresident of the county who is a resident of the state as guardian. . . . A guardian, other than a guardian named in a will by a parent of a minor, may be removed on proof that he is no longer a resident of the county in which he resided at the time of his appointment and shall be removed on proof that he is no longer a resident of the state." The guardian in question was at the time of her appointment, and still is, a resident of Montgomery County, Ohio. At the time she made her application for letters of guardianship, the Court was, in its discretion by virtue of the above quoted statute, fully authorized to refuse to make the appointment on the basis of nonresidence alone. The Court, however, at that time elected to exercise its statutory discretion by appointing Ruth Kilmer guardian even though she was not a resident of the county of the Court.

Having thus exercised its discretion in the initial instance the question is whether the Court upon being confronted at some future date with an objection to its original appointment based upon nonresidence

should for that reason alone remove such a guardian. The statute above quoted answers that question in the negative in the instant case when it says that "A guardian . . . . may be removed on proof that he is no longer a resident of the county in which he resided at the time of his appointment. . . ." Here the guardian's residence has not changed since her appointment, and her non-residence in Preble County therefore in and of itself does not justify ordering her removal.

The second ground alleged for removing this guardian covers a potential conflict of interest as to the guardian in her fiduciary capacity and as an individual, which potential conflict of interest may operate to the detriment of the applicant as well as the ward. From the evidence it appears that under the will of their father the guardian, the applicant, and another sister received a remainder interest after their mother's intervening life estate, the mother being the ward in question, in a 350 acre tract of farm land which is the principal asset of this guardianship. Shortly before the guardian's appointment, the applicant for a cash consideration released to his two sisters all his interest under his father's will. Applicant executed no such release as to any property or money he might receive from his mother. Applicant therefore contends that in the operation of the farm the guardian will be in the possible position of using guardianship funds for capital improvements on the farm, which capital improvements would inure to her benefit as remainderman while subtracting from his potential inheritance as an heir of the ward.

"Conflict of interest" is not a statutory ground for removing a guardian. Sec. 2109.24 R. C., provides, inter alia, that a fiduciary may be removed "because the interest of the trust demands it." It is conceivable that where there is a conflict of interest as between the guardian in her individual as distinguished from her fiduciary capacity and the ward, or heirs at law of the ward, the interest of the trust might demand her removal. See In re Kowalke, 80 Oh Ap 515, 36 O. O. 305, 76 N. E. (2d), 899. On the other hand, it is not every adverse interest that warrants removal of a fiduciary. See In re Estate of Feibig, 61 Oh Ap 40, 14 O. O. 216, 28 Abs 373, 22 N. E. (2d), 288. If, in a guardianship, any conflict of interest justified a removal of the guardian, then it would be impossible for any next of kin of a ward to continue to serve over objection, there always being some kind of adverse interest in such a case.

Counsel have referred the Court to no cases, and the Court has found none, which draw any kind of a line as to when a guardian's adverse interest is of such consequence to authorize removal "because the interest of the trust demands it." The Court is apparently vested with a broad discretion in such cases. In re Marshall, 78 Oh Ap 1, 33 O. O. 375, 46 Abs 344, 65 N. E. (2d), 523. In the exercise of its discretion this Court concludes that in the absence of proof that a fiduciary is actually exercising his authority in a manner adverse to the interests of his trust, a fiduciary will not be removed unless his adverse interest is of such nature that potentially irreparable damage to the trust might ensue. In the instant case, there is no proof whatsoever that the guardian has done anything adverse to the interests of her trust. In view of the

nature of her potential adverse interest, it is inconceivable how she possibly could do anything adverse that would not be adequately covered by her bond. The applicant, or the ward, under the circumstances of the instant case, will always have an adequate remedy to any misconduct on the part of the guardian by way of exceptions to her periodic accounting.

The application to terminate the appointment of Ruth Kilmer as guardian of the person and estate of Anna E. Price, an incompetent person, will be dismissed. Counsel for the guardian may prepare an entry accordingly.