### McDONOUGH v ZOLLNER.

Municipal Court of Lakewood

Decided June 22, 1938

Thos. C. Ward, Cleveland, for plaintiff.
C. W. Tyler, Cleveland, for defendant.

## OPINION

By WILLIAMS, J.

The question which the court has to consider arises out of the filing of a demurrer to the plaintiff's second amended petition, in which is set forth two causes of action.

Upon examination we find that the first cause of action discloses the following facts:

That one Timothy McDonough, deceased, husband of the deceased Ada, for whose estate the plaintiff, John McDonough, is executor, during his lifetime was the owner of a two-family dwelling located in the city of Lakewood, Ohio.

That while he was living, Timothy McDonough entered into a contract with the defendant Zollner whereby Zollner rented and occupied the lower suite of the aforementioned dwelling, agreeing to pay therefor the sum of $50.00 per month. Timothy McDonough died on June 10, 1931, and it is claimed that at the time of his death the defendant owed to him as delinquent rent the sum of $670.50.

The petition recites further that Timothy died testate, leaving his wife Ada as sole beneficiary of his estate, and that John McDonough, later to be named executor of the estate of Ada, and suing in that capacity as plaintiff in this case, was also, upon the death of Timothy, appointed as administrator of his estate.

The first cause of action in the petition alleges further that on about May 1st, 1936, Ada McDonough died, and that as her executor the plaintiff herein succeeded to all of the right, title and interest of Ada in and to the personal estate of Timothy, including the debt alleged against the defendant Zollner for rent as above stated.

It would be well to note with some emphasis here that the petition recites also that "no distribution was made during the life of the said Ada McDonough of the estate of Timothy McDonough."

The second cause of action against the defendant Zollner is for the sum of $94.00, being an amount claimed to be due for rent by reason of a contract entered into with Ada after the death of her husband, for the rental of the premises referred to herein.

These constitute the relevant facts upon which the merit of the demurrer must be tested. The ground for the demurrer is

that the petition fails to state a cause of action as against the defendant Zollner.

Coming now to a consideration of the matter, it is to be noted at once that the plaintiff sues in a representative capacity, namely, as executor of the estate of Ada McDonough. Therefore, it is fundamental that he is well within his legal prerogative to press any claim inuring to the benefit of his trust. In fact, it is his plain duty under the law to do so.

Consequently, inasmuch as the second cause of action of the petition is predicated upon a contract claimed to have been entered into by the plaintiff's decedent with the defendant, the court overrules the demurrer as applied in the second cause of action.

Turning our attention now to the first cause of action, the court directs attention to the fact that this cause of action is predicated upon an agreement entered into by Timothy McDonough, husband of the plaintiff's decedent herein; and that an executor or administrator, as the case may have been, was appointed and qualified to administer the affairs of his estate. What right therefore has the executor of the wife's estate to sue on a claim which may have been due the estate of her husband? It is the opinion of the court that he has no such right under the facts as stated herein, there having been no distribution in kind of the estate of Timothy during the lifetime of his wife Ada. We might answer the question we are concerned with by asking one. May we put this question this way:—Is the status of the executor of Ada's estate any different than the status of Ada herself while she was living?

In presenting this question and the obvious answer, I am assuming that it is conceded to be the law that Ada had no legal right to prosecute this claim individually during her lifetime so long as it remained a part of, and in the estate of her husband Timothy. Had there been a distribution in kind we would of course have a different situation. In such case Ada would have acquired the status of being a proper party plaintiff in an action to enforce the collection of this obligation.

Let us recall to mind again that the petition recites the fact to be on this point that "No distribution was made during the life of the said Ada McDonough of the estate of Timothy McDonough."

It seems to this court that an obligation, moral and legal, rested upon the shoulders of the legal representative of Timothy McDonough to properly administer the affairs

of his estate. The administrator of Timothy's estate at least could and should have done one of two things with regard to the claim referred to. One was to enforce the collection of the debt, thereby converting it into money for proper distribution, or, if all debts of the estate have been paid, without such action being necessary, a distribution in kind should have been affected by assignment or transfer to the beneficiary of Timothy's estate. Neither of these courses was adopted by the administrator, who happens to have been the same person now acting. as executor of the other estate.

It is not a question here of the plaintiff not having the legal capacity to sue, but rather it is whether this plaintiff, as it appears from the petition, has the right to enforce or prosecute the claim set forth in the first cause of action. One of the principal duties of the persona. representative of an estate is to collect the debts due the estate. He has the right to bring action to reduce the personalty to possession and the law is well settled to the effect that any action to recover the personal estate or its value must be brought by the executor or administrator, not by the heirs, legatees, or distributees, and by no stretch of the legal imagination does it become the right or duty of the executor of another estate.

We are dealing here with what is known to the law as a chose in action, and it is also well settled law that only the executor or administrator of an estate is entitled to maintain any action to recover on a chose in action due to the estate.

In conclusion therefore, it is the opinion of this court that John McDonough, executor of the estate of Ada McDonough, is not the proper party plaintiff in the action at bar, insofar as he attempts in such capacity to enforce the collection of a debt which, if it is due at all, is due the estate of Timothy McDonough. After all, Timothy died some five years approximately, before his wife Ada passed on, and by reason of such lapse of time we are curious at least to the point of wondering why the administrator of Timothy's estate neglected to do something during these years with regard to this claim.

It is the judgment of the court that the first cause of action of the petition is demurrable for the reasons hereinbefore assigned. The demurrer will therefore be sustained as to the first cause of action and overruled as to the second cause of action.

Unverferth & Unverferth, Ottawa, for plaintiff.

John T. DeFord, Ottawa, for defendant.