IN RE ESTATE OF JARVIS.

[Cite as In re Estate of Jarvis (1980), 67 Ohio App. 2d 94.]

(No. 39315—Decided January 4, 1980.)

*Mr. John J. Ewers,* for appellant.
*Mr. Richard D. DiCicco,* for appellee.

PATTON, J. Appellant was the executor for the estate of Harry Clark Jarvis. He also had retained himself as counsel for the estate. Appellee filed a motion to remove appellant from these fiduciary positions. Two hearings were held before a referee who, in a detailed opinion, recommended that appellant be removed. The trial judge conducted an additional hearing after appellant filed objections to the referee's report, adopted the report of the referee and ordered that appellant be removed both as executor and attorney for the estate. From that judgment, the executor appeals, submitting the following assignments of error:

"I. The judgment is not sustained by the evidence and is against the manifest weight of the evidence.

"II. The judgment is an abuse of discretion.

"III. The judgment is contrary to law.

"IV. For other errors manifest upon the face of the record and prejudicial to the rights of executor-appellant."

Since the appellant does not argue these assignments of error separately, we will consider them together.[1]

The record reveals the following facts. Before the death of Mr. Jarvis, appellant held a power of attorney for Mr. Jarvis to

---

[1] Appellant is directed to App. R. 16.

enable him (the appellant) to manage Mr. Jarvis' affairs. After he was informed of the death of Mr. Jarvis and knowing that he was named as executor in Mr. Jarvis' will, appellant paid himself $168.45 for services he had rendered for the decedent prior to his death. The trial court determined that this action violated R. C. 2117.01 and 2117.02.[2] Although appellant had not yet been officially appointed as executor, he knew of Mr. Jarvis' death, and his actions violated the spirit of these laws, if not their letter.

Appellant knew that one beneficiary, Wilma Teutsch, held $8,425 under a claim that it was a gift from the decedent. A controversy had arisen among the heirs as to the true ownership of these funds. Appellant was aware of this question of ownership. Nevertheless, appellant did not claim the funds for the estate, but agreed with Ms. Teutsch that the money was a gift. Appellant even circulated a form to the other heirs requesting that they consent to the retention of the funds by Ms. Teutsch. It also appeared that appellant, at times, acted as Ms. Teutsch's attorney. The trial court determined that these actions were not proper. We agree in light of the responsibility and duty of an executor to "***seek out and collect every asset belonging to the decedent at the time of his death and include it in the estate.***" *Eger* v. *Eger* (1974), 39 Ohio App. 2d 14, 18. See, also, *McDonough* v. *Zollner* (1938), 27 Ohio Law Abs. 36, 38. Appellant had a duty to include the funds in the estate and represent the estate in any resulting controversy regarding the ownership of those funds. We also concur with the trial court's determination that it was improper for appellant to advise Ms. Teutsch in any way except to recommend that she retain her own counsel.

At the time of the hearing, appellant had failed to pay $154.25 to appellee's attorney for the costs which resulted from appellant's conduct and which the trial court had ordered to be paid to appellee's attorney eight months earlier. In our

[2] R. C. 2117.01 provides as follows:

"No part of the assets of a deceased shall be retained by an executor or administrator in satisfaction of his own claim, until it has been proved to and allowed by the probate court. Such debt is not entitled to preference over others of the same class."

R. C. 2117.02 provides, in pertinent part, as follows:

"An executor or administrator within three months after the date of his appointment shall present any claim he has against the estate to the probate court for allowance. The claim shall not be paid unless allowed by the court.***"

opinion, however, the failure to pay this sum had no relation to appellant's administration of the estate.

After the court determined that the money in Ms. Teutsch's possession was not a gift, she sent a check to appellant representing a return of the alleged gift. However, appellant did not deposit the check for over one and one half months, resulting in a loss of interest to the estate. Furthermore, the court ordered Ms. Teutsch to pay $505.50 in interest, but she included only an additional $207.85 in the amount of her check. Appellant did not notice the discrepancy or request the additional funds, resulting in a further loss to the estate of $297.65.

The trial court further found that appellant did not timely file the executor's account. When it was finally filed, the account failed to include the estate's activity for the previous four months.

Finally, appellant failed to timely pay the Ohio Estate Tax, resulting in a penalty of $60.

In view of the foregoing, the trial court ordered the removal of appellant as executor and attorney for the estate of Mr. Jarvis. On appeal, appellant attacks, *factually,* each allegation, setting forth that which he believes to be reasons and justifications for each act. The trial court heard those arguments and determined that they lacked merit. The trial court is the trier of fact, and a reviewing court will not review findings of fact where there is sufficient evidence to support them. The record in the instant case supports each act discussed above. Any excuses appellant may have had for his actions were or should have been presented to the trial court.

R. C. 2109.24 authorizes the trial court to remove a fiduciary when the "interest of the trust demands it."[3] The

---

[3] R. C. 2109.24 provides as follows:

"The probate court at any time may accept the resignation of any fiduciary upon his proper accounting, if such fiduciary was appointed by, is under the control of, or is accountable to such court.

"If a fiduciary fails to make and file an inventory as required by sections 2109.58, 2111.14, and 2115.02 of the Revised Code, or to render upon oath a just and true account of his administration at the times required by section 2109.30 of the Revised Code, and if such failure continues for thirty days after such fiduciary has been notified by the court of the expiration of such time, the fiduciary may forthwith be removed by the court and shall receive no allowance for his services unless the court enters upon its journal that such delay was necessary and reasonable.

removal of a fiduciary pursuant to this statute is within the sound discretion of the trial court, and a reviewing court will not reverse the order of the trial court unless it appears that the lower court abused its discretion. See *In re Trust of Marshall* (1946), 78 Ohio App. 1, 8. We find no abuse of discretion in the trial court's determination that it was in the interest of the estate to remove appellant. The trial court noted that it traditionally did not remove a fiduciary for the sole reason that an account was filed late or taxes not promptly paid; however, in the instant case, the numerous errors and delays warranted removal.

The trial court's reasoning in this case was sound. Removal under R. C. 2109.24 is an issue to be determined on a case-by-case basis. When the trial court carefully considers all facts in a case, as in this case, the decision is then within the discretion of the trial court, and a reviewing court will not reverse that decision absent a clear showing of abuse of that discretion. The facts in this case do not indicate an abuse of discretion.[4]

The judgment is, therefore, affirmed.

*Judgment affirmed.*

PARRINO, C. J., and KRUPANSKY, J., concur.

---

*"The court may remove any such fiduciary,* after giving such fiduciary not less than ten days' notice, for habitual drunkenness, neglect of duty, incompetency, fraudulent conduct, *because the interest of the trust demands it,* or for any other cause authorized by law.

"The court may remove a trustee upon the written application of more than one half of the persons having an interest in the estate controlled by such trustee, but the trustee himself is not to be considered as a person having an interest in such estate under such proceedings; except that no trustee appointed under a will shall be removed upon such written application unless for a good cause." (Emphasis added.)

It should be noted that this statute authorizes removal for failure to timely file an inventory as required by statute. In the instant case, the court had initiated procedures to remove appellant for failure to file the inventory. When the inventory was filed within the 30-day grace period allowed by this statute, the removal proceedings were terminated.

[4] It is of no consequence that appellant has reimbursed the estate for most, or all, losses caused by his actions. It is still in the best interest of the estate to remove an executor whose actions require constant reviewing by the heirs and who needs constant prodding and court intervention to perform his duties.