IN RE ESTATE OF BOST, DECEASED.

(No. 45751—Decided July 5, 1983.)

*Messrs. Consiglio & Kurtz, Mr. Charles J. Consiglio, Messrs. Class, Ketchel & Lawrence* and *Mr. Phillip A. Lawrence,* for appellant.
*Reminger & Reminger Co., L.P.A.,* and *Mr. Leon A. Weiss,* for appellee.

DAY, J. In this case Phillip Kurtz ("appellant") appeals the order of the probate court removing him as executor of the estate of the deceased. For the reasons adduced below, the judgment is affirmed.

I

The record indicates that the will and codicil of Carol G. Bost disposed of a substantial estate composed almost entirely of realty. Kurtz was named both executor of the estate and trustee of a testamentary trust established in favor of the decedent's son, Stephen Bost, his wife, and children.

On August 4, 1981, about two months after the decedent's death, the appellant's application to administer the estate as executor was approved. Appended to his application was this note:

"Applicant has been actively representing the decedent in several judicial and quasi-judicial actions and has been paid partial payments for (a) costs advanced and (b) legal fees earned. A recapitulation of costs advanced and time expended in all matters must be made by applicant to determine if the applicant owes the estate or if the estate owes the applicant."

This "recapitulation" was not forthcoming until months after the three-month limitation period for an executor's claim against an estate had expired, see R.C. 2117.02.

When the appellant had failed to file an inventory of the estate by December 1981, he was removed as executor on the

court's own motion. The inventory was eventually filed and the order of removal vacated.

During this time, communication between the executor and the decedent's son broke down. Letters and calls between them went unanswered. In succession, the son filed an application for a hearing under R.C. 2113.25 and a motion to remove the executor. These were consolidated for hearing.

At the hearing, testimony ascribed various acts and omissions to the executor. Without an application to the court, he paid himself $150 for services rendered to the decedent prior to her death. This violated R.C. 2117.02. Further, the appellant paid himself and his attorney some $18,000 in fiduciary and attorney's fees prior to full administration of the estate and without having developed a method for the satisfaction of the obligations of the estate. Four thousand dollars of these fees were paid four days after the appellant's appointment.

The primary unsatisfied obligation was the matter of estate taxes. For whatever reason, the appellant did not take steps to meet a $125,000 federal and state estate tax liability. He did secure a one-year extension but this caused the federal tax debt to collect interest at an annual rate of twenty percent.

Based on this evidence, the court ordered the removal of the appellant as executor. He assigns four errors.

## II

### Assignment of Error No. 1

"The probate court erred by rendering a decision without statutory jurisdiction to do so, in light of the fact that the movant of the motion for removal does not qualify as a person authorized to bring such an action."

The relevant statute, R.C. 2109.24, provides in part:

"The court may remove any such *fiduciary,* after giving such fiduciary not less than ten days' notice, for habitual drunkenness, neglect of duty, incompetency, fraudulent conduct, because the interest of the trust demands it, or for any other cause authorized by law.

"The court may remove a *trustee* upon the written application of *more than one half of the persons having an interest in the estate* controlled by such trustee, but the trustee himself is not to be considered as a person having an interest in such estate under such proceedings; except that no trustee appointed under a will shall be removed upon such written application unless for a good cause." (Emphasis added.)

The appellant argues that since less than one half the persons interested in the estate applied for his removal as executor, the court was without jurisdiction to act. While it is true that all executors are fiduciaries, see R.C. 2109.01, not all fiduciaries are trustees. The words are not interchangeable and are used elsewhere in R.C. Title 21 to denote separate concepts, see R.C. 2101.24(C), (D), (H), (M), and (N). The requirement of application by the majority applies only to testamentary trustees proper, cf. *Rehmert* v. *Requarth* (App. 1943), 40 Ohio Law Abs. 254, 261.[1]

Assignment of Error No. 1 is without merit.

## III

### Assignment of Error No. 2

"The probate court abused its discretion by sustaining the referee's decision and recommendation of removal of the executor when the referee's decision was unsupported by clear and convincing evidence warranting removal."

---

[1] It is unnecessary to reach the question whether the court has inherent power to remove a trustee for good cause *sua sponte* because the removal in issue here involves the executor only. However, see *In re Trust of Marshall* (1946), 78 Ohio App. 1, 7-8 [33 O.O. 399].

In support of the clear and convincing standard the appellant cites *Manchester* v. *Cleveland Trust Co.* (App. 1960), 84 Ohio Law Abs. 321, 328-329, a case involving the removal of the trustee of an inter vivos trust. The court, at pages 328-329, held:

"* * * We believe, in cases such as the one now before us, that, before a trustee can be charged with disloyalty, with a breach of trust, or with engaging in conflicting interests (unless the rule of 'no further inquiry' applies), those claiming such forms of misconduct are required to establish their case by clear and convincing evidence.

"This court, in *Whiting et al.* v. *Bryant et al.,* 102 Ohio App. 508, at page 516 [5 O.O.2d 421], said:

" 'The removal of a trustee by a court in the exercise of its equitable jurisdiction from duties imposed upon him at the direction of the settlors, his selection for the office being as directed by the settlors, is a drastic action, and such action should be taken only where intervention is necessary to protect the trusts' assets.'

" 'The court is less ready to remove a trustee who was named by the settlor than it is to remove a trustee appointed by the court or by a third person in the exercise of a power to appoint trustees.'

"* * *

" 'The removal of a trustee is a drastic action which should only be taken when the estate is actually endangered and intervention is necessary to save trust property.'

"*Ingalls* v. *Ingalls*, 59 So. 2d 898, at p. 903."

The removal of an executor is, on the other hand, not so drastic a matter. Removal from that office is discretionary with the probate court, *In re Estate of Jarvis* (1980), 67 Ohio App. 2d 94, 97 [21 O.O.3d 411]; *In re Trust of Marshall, supra,* at 7-9.

So long as the court fairly finds "habitual drunkenness, neglect of duty, incompetency, fraudulent conduct, because the interest of the trust demands it, or * * * any other cause authorized by law," removal is proper. There is no requirement that the finding be supported by clear and convincing evidence.

Assignment of Error No. 2 is without merit.

## IV

Assignments of Error Nos. 3 and 4 both attack the manner in which the court exercised its discretion. They will, therefore, be considered together.

### Assignment of Error No. 3

"The probate court abused its discretion by ordering removal of the executor on grounds that the interest of the trust demanded it in the face of a complete lack of evidence that any conduct of the executor caused injury to the estate."

### Assignment of Error No. 4

"The probate court abused its discretion by ordering removal of the executor, on the basis of payment of executor fees and/or attorney fees prior to the completion of administration of the estate, in the absence of any evidence or a rule of law or court prohibiting such payment."

The trial court heard all the evidence as well as the appellant's excuses for acting as he did. The excuses were for the trial court to assay. An executor's actions need not amount to violations of law or even cause injury to the estate to warrant a finding that the best interests of the estate will be served by removal.[2]

The court's findings are all supported by the evidence. Its conclusion that

---

[2] See *In re Estate of Jarvis, supra,* at 97, fn. 4:

"It is of no consequence that appellant has reimbursed the estate for most, or all, losses caused by his actions. It is still in the best interest of the estate to remove an executor whose actions require constant reviewing by the heirs and who needs constant prodding and court intervention to perform his duties."

removal was in order was not an abuse of discretion.

Assignments of Error Nos. 3 and 4 are without merit.

## V

The judgment is affirmed.

*Judgment affirmed.*

PATTON, C.J., and NAHRA, J., concur.