In re Estate of CLAPSADDLE: POSTELL, Appellant,

v.

CLAPSADDLE, Exr., Appellee.

[Cite as *In re Estate of Clapsaddle* (1992), 79 Ohio App.3d 747.]

Court of Appeals of Ohio,
Washington County.

No. 91 CA 10.

Decided May 5, 1992.

748

*Frank W. Phillips,* for appellant.

*Lynn M. Ellis* and *Robert Ellis,* for appellee.

PETER B. ABELE, Judge.

This is an appeal from a judgment entered on April 26, 1991 by the Washington County Common Pleas Court, Probate Division, on motions filed by Doris Ann Postell, appellant herein and daughter of the decedent, against Executor Merrill H. Clapsaddle, appellee herein and son of the decedent.

Appellant assigns the following errors:

First Assignment of Error:

"The order is contrary to the law."

Second Assignment of Error:

"Abuse of descretion [*sic*] by trial judge."

Sarah Clapsaddle died testate on May 10, 1990 at the age of 81. Prior to her death, she was unable to manage her affairs. On January 26, 1989, the court appointed her son, appellee, to serve as her guardian.

During his tenure as guardian, appellee changed his mother's five certificates of deposit from a Florida bank to an Ohio bank. The crux of this appeal involves the fact that when appellee deposited the money in Ohio, he listed four of the new certificates of deposit as payable on death equally to appellant and her two children, and he listed the fifth new certificate of deposit as payable on death to himself. When the certificates of deposit were deposited at a Florida bank, some of the certificates were listed in the decedent's name alone and other certificates were listed in the decedent's name and payable on

death to her spouse, Herbert Clapsaddle. Appellee explained he listed the certificates of deposit in this manner to insure that upon his mother's death, the money would pass in the same amounts and to the same people as specified in his mother's will.

On November 20, 1990, the court admitted the decedent's April 3, 1986 will to probate and appointed appellee as executor. On January 31, 1991, appellee filed an inventory and appraisal.

On February 25, 1991, appellant filed three motions. In the first motion, appellant alleged the inventory incorrectly listed $1,877.01 rather than $2,082.62 as the amount in a certain checking account, and alleged "other negligent or intentional acts or omissions with respect to said inventory." In the second motion, appellant alleged appellee is unsuitable to serve as executor. In the third motion, appellant requested the court to suspend all further action in the estate. On March 8, 1991, the court ruled on the third motion and ordered appellee to refrain from selling the personal property in the estate until April 5, 1991, the date set for hearing the first two motions.

The court heard the first two motions as scheduled on April 5, 1991. Although appellant did not mention the certificates of deposits in either motion, the hearing focused on the fact that when appellee brought his mother's money to Ohio, he listed the certificates of deposit as payable on death. Appellee listed four of the certificates of deposit payable on death to appellant and to her children. Appellee listed one certificate of deposit payable on death to himself.

Appellant's attorney raised two main arguments during the course of the hearing. First, he argued that because appellee improperly listed the five certificates of deposit as payable on death, appellee must be ordered to reimburse the estate for the proceeds from the certificates. Second, appellant's attorney argued that because appellant did nothing wrong, she should be able to keep the proceeds from the four certificates of deposit appellee improperly made payable on death to her and her children. Appellant's attorney rejected the notion that his client should reimburse the estate for the money she should not have received.

During the hearing, the following exchange occurred among appellant's attorney, Mr. Phillips, appellee's attorneys, Mr. and Mrs. Ellis, and the court:

"MR. ELLIS: Is it true that your client got the majority of that money?

"MR. PHILLIPS: I think that's true.

"* * *

"MR. ELLIS: What you're asking is, what you're telling the court is that these certificates are supposed to be an [sic] estate assets.

"MR. PHILLIPS: That's correct.

"THE COURT: If the court determines whether they're estate assets you'll give them back.

"MR. PHILLIPS: I don't have control of those assets at this time Mr. Ellis.

"THE COURT: Your client is a party to these proceedings, he's a party to these proceedings.

"MR. PHILLIPS: That's right.

"THE COURT: If you two people agree that those were estate assets then I will order each of you to return the money right now.

"MR. PHILLIPS: Well we don't have all of the money.

"THE COURT: You better have because you're the one, she's the one who has to pay it back.

"MR. PHILLIPS: Well she isn't the one who set up this fraudulence.

"THE COURT: It makes no difference who set it up, she has taken the money and has been unjustly enriched if in fact what you say is true. * * * "

On April 26, 1991, the court found, *inter alia,* (1) appellee did not intend to defraud the estate when he listed the certificates of deposit as payable on death, (2) appellee listed the certificates of deposit in accordance with the terms of the decedent's will, (3) the effect of the payable on death listings was to keep the certificates out of the estate, and (4) the certificates of deposit are properly part of the estate. The court ordered appellant and appellee, the people who received proceeds from the certificates of deposit, to return the proceeds to the estate. Appellant filed a notice of appeal on May 21, 1991.

On July 17, 1991, appellant filed a brief bearing both the number of this case and the number of our appellate case No. 91–CA–13, involving the guardianship of the decedent. Appellee filed a similar brief in response on September 5, 1991. On September 10, 1991, we consolidated the two cases for purposes of oral argument only, and we directed the parties to file five additional copies of their briefs to ensure that a complete set of briefs appears in each appeal.

On September 17, 1991, appellant filed a reply brief bearing both case numbers and containing many attachments which were not part of the record transmitted on appeal. On September 24, 1991, appellee moved to strike the attachments and portions of the brief unsupported by the record transmitted on appeal. We denied the motion at that time, but wrote that we would consider the relevance of the attachments and the unsupported portions of appellant's reply brief when we considered the case on the merits.

■ At this juncture, we grant appellee's motion to strike the attachments and the unsupported portions of appellant's reply brief. We note appellant does not dispute appellee's assertion that the attachments are not part of the record transmitted on appeal. App.R. 9(A) limits our consideration to "original papers and exhibits thereto *filed* in the trial court * * *." (Emphasis added.) App.R. 9(B) places an affirmative duty upon appellants to ensure that all documents and other evidence necessary for appellate review are included in the record transmitted on appeal. Where portions of the trial court record are omitted from the record transmitted on appeal, the appellate court has no choice but to presume the validity of the trial court's proceedings and affirm. *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 15 O.O.3d 218, 400 N.E.2d 384; *Baker v. Court of Common Pleas of Cuyahoga Cty.* (1989), 61 Ohio App.3d 59, 572 N.E.2d 155; *Volodkevich v. Volodkevich* (1989), 48 Ohio App.3d 313, 549 N.E.2d 1237; *State v. McLaughlin* (1988), 55 Ohio App.3d 141, 562 N.E.2d 1387.

■ We further find the April 26, 1991 judgment in the case *sub judice* is a final appealable order. Final appealable orders affect a substantial right and either "determine the action and prevent a judgment" or were "made in a special proceeding." See R.C. 2505.02. In *Sheets v. Antes* (1984), 14 Ohio App.3d 278, 14 OBR 307, 470 N.E.2d 931, the court held that orders sustaining exceptions to inventories affect a substantial right and were made in a special proceeding.

I

In her first assignment of error, appellant asserts the court's judgment is contrary to R.C. 2109.50, 2109.52, and 2109.53. Appellant argues those statutes require the court to find appellee "guilty," and require the court to enter judgment against appellee for the amount of all five certificates of deposit.[1]

---

1. R.C. 2109.50 provides in pertinent part:
"*Upon complaint* made to the probate court of the county having jurisdiction of the administration of a trust estate or of the county wherein a person resides against whom the complaint is made, by a person interested in such trust estate * * * against any person suspected of having concealed, embezzled, or conveyed away or of being or having been in the possession of any moneys * * * of such estate, said court shall by citation, attachment or warrant, * * * compel a person or persons so suspected to forthwith appear before it to be examined, on oath, touching the matter of the complaint. * * *
" * * *
"The probate court shall forthwith proceed to hear and determine the matter. * * * *"
(Emphasis added.)
R.C. 2109.52 provides in pertinent part:
"When passing on a complaint made under section 2109.50 of the Revised Code, the probate court shall determine, by the verdict of a jury if either party requires it or without if

■ R.C. 2109.52 grants the accused the right to a jury upon request. The trier of fact must determine whether the accused is guilty. If the accused is found guilty, the court must render judgment against the accused for the amount of money involved.

■ R.C. 2109.50 *et seq.* creates a special proceeding which enables interested parties to recover concealed, embezzled, and conveyed assets of an estate. *In re Estate of Coleman* (1988), 55 Ohio App.3d 261, 264, 564 N.E.2d 116, 118. The proceeding is quasi-criminal in nature. *Ukrainiec v. Batz* (1982), 24 Ohio App.3d 200, 24 OBR 323, 493 N.E.2d 1368; *In re Estate of Howard* (1947), 79 Ohio App. 203, 34 O.O. 537, 72 N.E.2d 502. The specific procedural requirements of R.C. 2109.50 must be followed to effect a recovery. *In re Estate of Meyer* (1989), 63 Ohio App.3d 454, 579 N.E.2d 260.

In the case *sub judice*, appellant asserts the court erred by failing to find appellee guilty of concealing assets of the estate. We disagree.

■ First, we note appellant failed to follow the procedural requirements set forth in R.C. 2109.50 *et seq.* Appellant did not file a R.C. 2109.50 complaint; appellant merely filed three motions in an existing probate action. Moreover, none of the motions mentioned the certificates of deposit. Proof of an allegation in a R.C. 2109.50 complaint is a necessary prerequisite to rendering a money judgment under R.C. 2109.53. *In re Estate of Howard, supra.*

---

not required, whether the person accused is guilty of having concealed, embezzled, conveyed away, or been in the possession of moneys, chattels, or choses in action of the trust estate. If such person is found guilty, the probate court shall assess the amount of damages to be recovered or the court may order the return of the specific thing concealed or embezzled or may order restoration in kind.
" * * *

"In all cases, except when the person found guilty is the fiduciary, the probate court shall forthwith render judgment in favor of the fiduciary or if there is no fiduciary in this state, the probate court shall render judgment in favor of the state, against the person found guilty, for the amount of the moneys or the value of the chattels or choses in action concealed, embezzled, conveyed away, or held in possession, together with ten per cent penalty and all costs of such proceedings or complaint; except that such judgment shall be reduced to the extent of the value of any thing specifically restored or returned in kind as provided in this section.

"If the person found guilty is the fiduciary, the probate court shall forthwith render judgment in favor of the state against him for such amount or value, together with penalty and costs as provided in this section."

R.C. 2109.53 provides in pertinent part:

"If a judgment is rendered against a fiduciary under section 2109.52 of the Revised Code, he shall forthwith be removed by the probate court and that part of the trust not already administered shall be committed to some other person. A fiduciary so removed shall not receive compensation for acting as fiduciary and must be charged in his account with the amount of such judgment. Such fiduciary's property also shall be liable for the satisfaction of the judgment on execution issued thereon by his successor."

■ Second, assuming, *arguendo,* the proceeding below was a R.C. 2109.50 proceeding and that this issue is properly before us, we find no error with the trial court's refusal to find appellee guilty. When reviewing evidence presented at trial, an appellate court must not re-weigh the evidence. In *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 280, 8 O.O.3d 261, 262, 376 N.E.2d 578, 579, the Ohio Supreme Court wrote:

"Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." See, also, *Vogel v. Wells* (1991), 57 Ohio St.3d 91, 566 N.E.2d 154; *Ross v. Ross* (1980), 64 Ohio St.2d 203, 18 O.O.3d 414, 414 N.E.2d 426; *State v. Thomas* (1982), 70 Ohio St.2d 79, 24 O.O.3d 150, 434 N.E.2d 1356; *State v. Eskridge* (1988), 38 Ohio St.3d 56, 526 N.E.2d 304.

■ An appellate court should not substitute its judgment for that of the trial court when there exists competent, credible evidence going to all the essential elements of the case. *In re Stackhouse* (Mar. 11, 1991), Athens App. No. 1456, unreported, 1991 WL 37940. In *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 10 OBR 408, 410, 461 N.E.2d 1273, 1276, the court wrote:

"The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony."

■ In *In re Estate of Meyer, supra,* and in *Ukrainiec, supra,* the court held that mere possession of an estate asset does not constitute concealment. In the case *sub judice,* we find the record contains sufficient competent, credible evidence to support a finding that appellant lacked the intent necessary for a finding of guilt.

Accordingly, based upon the foregoing reasons, we overrule appellant's first assignment of error.

## II

In her second assignment of error, appellant asserts the trial court abused its discretion by allowing appellee to continue as executor. Appellant argues appellee is a "liar," and liars should not be permitted to be executors.

To support her argument appellant relies upon a July 24, 1990 transcript of a trial court hearing in our case No. 91 CA 13. Appellant contends that the transcript demonstrates appellee committed perjury during the April 5, 1991 hearing in the instant case. As we discussed, *supra,* App.R. 9(A) limits our

consideration to "original papers and exhibits thereto *filed* in the trial court * * *." We may not consider the July 24, 1990 transcript from case No. 91 CA 13.

 R.C. 2109.53 provides that if a judgment is rendered against a fiduciary under R.C. 2109.52, the fiduciary shall be removed by the probate court. Thus, R.C. 2109.53 creates a mandatory duty on a trial court that once a fiduciary is found guilty of embezzlement or concealment pursuant to R.C. 2109.52, the fiduciary must be removed forthwith. See *Schultz v. Franklin* (Feb. 15, 1985), Lucas App. No. L–84–379, unreported, 1985 WL 8396.

 In the case *sub judice,* we again note appellant failed to comply with the procedural requirements set forth in R.C. 2109.50 *et seq.* Further, the record contains sufficient competent, credible evidence to support a finding that appellee lacked the intent necessary for a finding of guilt. See R.C. 2109.52. Therefore, because a judgment against the fiduciary under R.C. 2109.52 is not appropriate in the case *sub judice,* appellant is precluded from asserting that R.C. 2109.53 requires that the fiduciary be removed by the probate court. A judgment under R.C. 2109.52 is a necessary prerequisite to invoking the remedies set forth in R.C. 2109.53. See R.C. 2109.53.

 We further note that R.C. 2109.24 addresses the removal of a fiduciary.[2] Removal under that provision is an issue to be determined on a case-by-case basis. *In re Estate of Jarvis* (1980), 67 Ohio App.2d 94, 21 O.O.3d 411, 425 N.E.2d 939. When reviewing a trial court's judgment which denies a request for the removal of an executor, an appellate court's inquiry shall focus on whether the trial court abused its discretion. Absent a showing that there is a clear abuse of that discretion, an appellate court will not reverse the decision of the probate court on a motion for the removal of an executor. *Jarvis, supra; In re Estate of Bost* (1983), 10 Ohio App.3d 147, 10 OBR 199, 460 N.E.2d 1156.

 An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. See *In re Jane Doe 1* (1991), 57 Ohio St.3d 135, 566 N.E.2d 1181; *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140; *Worthington v. Worthington* (1986), 21 Ohio St.3d 73, 76, 21 OBR 371, 373, 488 N.E.2d 150, 153; *Sandusky Properties v. Aveni* (1984), 15 Ohio St.3d 273, 275, 15 OBR 408, 409, 473 N.E.2d 798, 800; *Klever v. Reid*

---

**2.** R.C. 2109.24 provides in pertinent part:

"The court may remove any such fiduciary, after giving such fiduciary not less than ten days' notice, for habitual drunkenness, neglect of duty, incompetency, fraudulent conduct, because the interest of the trust demands it, or for any other cause authorized by law."

*Bros. Express, Inc.* (1951), 154 Ohio St. 491, 43 O.O. 429, 96 N.E.2d 781, paragraph two of the syllabus. When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. *In re Jane Doe 1, supra; Berk v. Matthews* (1990), 53 Ohio St.3d 161, 559 N.E.2d 1301.

In the case *sub judice,* after a review of the record submitted for our consideration, we find no abuse of discretion with the trial court's judgment to deny appellant's motion to remove appellee from his position as executor. Although appellee made some mistakes, we agree with the trial court that no evidence exists in the record which would require appellee's removal from his position as executor of the estate.

Accordingly, based upon the foregoing reasons, we overrule appellant's second assignment of error.

*Judgment affirmed.*

GREY and HARSHA, JJ., concur.