OPINION
Appellant Ruth Herold appeals a judgment of the Richland County Probate Court removing her as guardian of her adult daughter, Janet Marie Herr:
ASSIGNMENTS OF ERROR:
 I. THE TRIAL COURT, WITHOUT AN APPLICATION FOR REMOVAL OF THE GUARDIAN/APPELLANT BEING FILED AND PENDING BEFORE HIM, HAD NO LEGAL AUTHORITY TO, SUA SPONTE, ORDER THE APPELLANT TO APPEAR BEFORE HIM AND SHOW CAUSE WHY SHE SHOULD NOT BE REMOVED.
 II. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN REMOVING APPELLANT AS GUARDIAN IN THE ABSENCE OF EVIDENCE IN SUPPORT THEREOF.
 III. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN ITS CONSIDERATION OF, AND OBVIOUS RELIANCE UPON, WRITTEN COMMUNICATIONS TO THE COURT PRIOR TO THE HEARING, WHEN SUCH COMMUNICATIONS ARE NEVER INTRODUCED INTO EVIDENCE AT SAID HEARING. SUCH ERROR IS VIOLATIVE OF THE APPELLANT'S CONSTITUTIONAL RIGHTS TO DUE PROCESS OF LAW AND TO CONFRONT HER ACCUSERS.
Janet Herr is a forty-four-year-old widow, who suffers from a mental deficiency, causing her to operate at a third or fourth grade level. In addition, she has a terminal autoimmune condition called scleroderma. Appellant is Janet's mother. She was appointed guardian of Janet on January 18, 1994.
In early 1998, the attending physician and the nursing staff of the nursing home where the ward resided contacted the Richland County Probate Court. The doctor and nursing home staff were concerned that appellant was unreasonably denying treatment of emergency conditions. According to the communications to the court, appellant attempted to prevent the staff of the nursing home from transporting Janet to the emergency room by ambulance for insertion of an IV for hydration purposes. Appellant complained about the cost of taking Janet to the hospital, and attacked Janet physically in an attempt to bring her out of her catatonic state. Shortly thereafter, the physician ordered that a catheter be inserted. According to the communications to the court, appellant refused to allow this procedure, despite the doctor's concern that Janet's bladder would burst.
The Probate Court summoned appellant to appear for a hearing. On February 4, 1998, the court held a hearing for the removal of appellant as ward of Janet's person. At the hearing, appellant testified, and called one witness. No other evidence was admitted at the hearing. The court removed appellant as guardian, and appointed an emergency guardian. The court further limited appellant's access to Janet, at the suggestion of the physician, to visits in public areas of the facility, with staff present.
 I.
Appellant argues that the trial court had no authority to suasponte order appellant to appear before him and show cause why she should not be removed.
Pursuant to R.C. 2101.24, the removal of a guardian lies exclusively within the province of the Probate Court. The court has plenary, exclusive, and original jurisdiction in the removal of a guardian. In Re: Guardianship of Daugherty (March 9, 1984), Columbiana App. No. 83-C-24, 29, unreported. Proceedings concerning appointment and removal of guardians are not adversary in nature, but are proceedings in rem. Id. The proceedings are non-adversarial because when the court determines a need for a guardianship, the court becomes the superior guardian, and the appointed guardian is merely an officer of the court under the court's control, and subject to the direction and supervision of the court. Id. In such a circumstance, the guardian has no personal interest in his appointment or removal, but is merely an agent of the court. Id.
As the court is acting as the superior guardian, the court has power to sua sponte order the appointed guardian to appear. In the instant case, communications from the nursing facility, where the ward was resident, gave the court sufficient cause to conduct a hearing concerning the removal of appellant as guardian. Without the inherent power to sua sponte consider removal, the court could find itself bound to a guardian acting contrary to the interest of the ward, if no interested party is available to initiate the proceedings by motion or petition.
The first Assignment of Error is overruled.
 II. III.
In both the second and third Assignments of Error, appellant argues that the court erred in removing her as guardian based solely on written communications to the court prior to the hearing, when such communications were not introduced into evidence at the hearing.
A judgment supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as against the manifest weight of the evidence. Seasons Coal Company vs. Cleveland (1984),10 Ohio St.3d 77. To warrant removal of a guardian, the Probate Court need only find that the best interest of the ward would be served by the guardian's removal. In Re:Estate of Bost (1983), 10 Ohio App.3d 147.
In the instant case, there is no information of evidentiary quality before the court to justify removal. It is apparent that the court relied on the letters and documents provided to him by the nursing home prior to the removal hearing. However, this information is not of evidentiary quality, was not admitted into evidence at the hearing, and cannot be relied on as evidence in support of removal. The court noted on the record that the situation was difficult, as there was no adversarial party to present evidence supporting removal. However, pursuant to the court's inherent power as the super-guardian, as discussed in Assignment of Error I., the court had authority to summon witnesses and evidence from the staff of the nursing home in an attempt to determine whether the best interest of the ward required removal of appellant as guardian.
The second and third Assignments of Error are sustained.
The judgment of the Richland County Common Pleas Court, Probate Division, removing appellant Ruth Herold as guardian of Janet Herr, is vacated. This cause is remanded to that court for further proceedings according to law.
By: Reader, J., Gwin, P. J. and Wise, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Richland County Common Pleas Court, Probate Division, removing appellant Ruth Herold as guardian of Janet Herr, is vacated. This cause is remanded to that court for further proceedings according to law. Costs to appellee.