DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Mark S. Wilkerson, appeals the decision of the Summit County Court of Common Pleas, Probate Division, which removed him as executor of the estate of Leonodus Wilkerson. This Court affirms.
 I. {¶ 2} Leonodus L. Wilkerson ("Mr. Wilkerson") died testate on September 28, 2002. Mr. Wilkerson was survived by appellant and his sister, Pamela Hardesty. Appellant was named executor in the will and was appointed the same by the Summit County Court of Common Pleas, Probate Division, on November 4, 2002. According to the will, Mr. Wilkerson's estate was to be divided equally between appellant and Ms. Hardesty.
 {¶ 3} After appellant's appointment as executor, a number of disputes occurred between appellant and his sister. The disputes involved the distribution of the personal property, the sale of Mr. Wilkerson's residence, and appellant's personal use of a portion of his father's property.
 {¶ 4} On May 19, 2003, Ms. Hardesty filed a Motion to Appoint a Third Party and in Alternative, Remove Estate Fiduciary, Mark Wilkerson. On May 30, 2003, appellant filed a response, objecting to the appointment of a third party and to his removal as fiduciary. The court held a hearing on the matter on May 30, 2003. After the initial hearing, the parties filed various other motions involving the handling of Mr. Wilkerson's estate. The court held a second hearing on September 23, 2003, after which the magistrate issued a decision that appellant should be removed as the executor of the estate.
 {¶ 5} Appellant filed objections to the magistrate's decision and the court held a hearing on December 11, 2003. The court overruled appellant's objections and issued an order that appellant should be removed as executor of the estate.
 {¶ 6} Appellant timely appealed, setting forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR
"The probate court erred by allowing a conflict of interest and undue influence on the part of attorney-judicial attorney-magistrate rebecca heimbaugh. Because of [t]he actions the court has excepted [SIC] false evidence and allowed pamela jo hardesty and attorney heimbaugh to use the court for their own means and harass the estate fiduciary, mark wilkerson. In addition[,] the court has used this false evidence to justify their actions, but when the true [SIC] be known it has allowed the court to exceed its authority in this matter. the court has allowed pamela jo hardesty and attorney-judicial attorney-magistrate rebecca heimbaugh, and george wertz to run up the bills to the estate well in excess of what would have been the norm. The court has discriminated against estate fiduciary, mark wilkerson, in several ways demonstrated in this brief and its exhibits."
 {¶ 7} In his sole assignment of error appellant argues that the probate court erred in removing him as executor of Mr. Wilkerson's estate. For the reasons that follow, this Court finds that appellant's assignment of error lacks merit.
 {¶ 8} R.C. 2109.24 authorizes the removal of a fiduciary:
"The court may remove any such fiduciary, * * * for habitual drunkenness, neglect of duty, incompetency, or fraudulent conduct, because the interest of the trust demands it, or for any other cause authorized by law."
 {¶ 9} In addition, R.C. 2113.18(A) provides that a court may remove an executor if there are unsettled claims existing between the executor and the estate which the court believes may be the subject of controversy and litigation between the executor and the estate or other interested parties.
 {¶ 10} "Removal of an executor rests within the sound discretion of the trial court and a reviewing court will not reverse the decision absent a clear showing of abuse of discretion." Pio v. Ramsier (1993), 88 Ohio App.3d 133, 136, citing In re Estate of Jarvis (1980), 67 Ohio App.2d 94, 97. An abuse of discretion involves more than an error of judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 11} In challenging the probate court's decision, appellant contests many of the court's findings of fact. The trial court is the trier of fact. This Court will not reverse the trial court's findings of fact if they are supported by some competent and credible evidence in the record. Jaroch v. Madalin, 9th Dist. No. 21681, 2004-Ohio-1982, at ¶ 8. This Court will address each of appellant's arguments in the order presented in his brief.
 {¶ 12} The first factual finding that appellant challenges is number four regarding the division of personal property. The probate court found that the parties agreed to divide the items equally without having each item appraised, but that appellant delayed this process by trying to assign his own value to each item. Further, the court found that appellant barred Ms. Hardesty from the property by having the locks changed. This required counsel for the estate to have his paralegal present to supervise the selection of items by appellant and Ms. Hardesty. The court further found that on another occasion, appellant hired an offduty sheriff's deputy to supervise the division of the personal property at the estate's expense. Moreover, the court found that when Ms. Hardesty brought friends to Mr. Wilkerson's home to assist her in removing the items that she had chosen, appellant ordered them to leave. The court also noted that appellant still has many of his own personal items at the residence.
 {¶ 13} The next factual finding that appellant challenges is number five, regarding the condition of the real property. The probate court found that appellant is using the garage to store his own personal items including two of his personal vehicles and his "army surplus" collection which he buys and sells. The court further found that appellant is paying the estate $10.00 per month and that a comparable storage unit would cost approximately $180.00 to $210.00 per month.
 {¶ 14} Appellant also disputes the probate court's sixth, seventh, and eighth findings of fact regarding appellant's desire to purchase the estate property. The court found that it would be difficult for appellant to obtain financing due to his pending Chapter 13 bankruptcy. The court also rejected appellant's argument that he would be harmed as a beneficiary if the house were listed for sale because of his father's wishes that a family member reside there. Further, the court found that appellant has listed the house at nearly $15,000.00 over the appraised value and has refused to allow an "open house" for potential buyers to come and view it. Moreover, the court found that Terry Aikens, a licensed realtor with 18 years of real estate experience in Summit County, recommended that appellant reduce the asking price to the $140,000.00 range and predicted that he could obtain an offer to purchase at $137,000.00 to $139,000.00 within thirty days.
 {¶ 15} A review of the record shows that the trial court's findings are supported by competent, credible evidence. The record does not suggest that the trial court abused its discretion or that its attitude was unreasonable, arbitrary or unconscionable. In re Estate of Pfahler (1989),64 Ohio App.3d 331, 333.
 {¶ 16} Finally, appellant argues that R.C. 2109.24 is not applicable to the present case because he has not violated any of the statutory provisions governing executors. Appellant's argument is unpersuasive given that case law states that an executor's actions need not rise to violations of law or even cause injury to the estate to justify a finding that the best interest of the estate will be served by removal. See In reEstate of Bost (1983), 10 Ohio App.3d 147, 149, citing In reEstate of Jarvis, 67 Ohio App.2d at 97.
 {¶ 17} Given the foregoing, appellant's assignment of error is overruled.
 III. {¶ 18} The decision of the Summit County Court of Common Pleas, Probate Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
Slaby, J., Batchelder, J., concur.