DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from the January 18, 2006 judgment of the Lucas County Court of Common Pleas, Probate Division, which granted appellee Lisa Mayberry's motion to remove fiduciary appellant Jessie J. Fitzgerald, Jr. For the reasons that follow, we affirm. *Page 2 
 {¶ 2} On November 12, 1996, Andre L. Sneed died intestate. Appellant, putative father[1] of the decedent, opened the estate and was appointed the administrator in the case now before this court.
 {¶ 3} In the meantime, appellee, initiated a paternity action in the juvenile court (case No. JC96-39155) seeking to establish a parent-child relationship between her child and the decedent. In a March 3, 2004 judgment entry from the juvenile court, such parent-child relationship was established based on the results of DNA testing.
 {¶ 4} Appellee also filed a complaint to determine heirship (case No. 2001 ADV 1925 — "heirship case") in the trial court in 2001, asserting that her child was the only known heir of the decedent. On September 30, 2005, the trial court granted appellee's motion for summary judgment in the heirship case, giving "full faith and credit" to the juvenile court determination of paternity. Appellant did not file an appeal in the heirship case.
 {¶ 5} On January 18, 2006, the trial court granted appellee's motion to remove appellant as fiduciary/administrator of the estate of the decedent. Appellant appealed this ruling, asserting the following assignment of error:
 {¶ 6} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT REMOVED JESSIE J. FITZGERALD, SR.[sic] AS THE ADMINISTRATOR OF THE ESTATE OF ANDRE L. SNEED" *Page 3 
 {¶ 7} The decision to remove a fiduciary lies within the sound discretion of the probate court, and a reviewing court will not reverse the decision to remove the fiduciary absent a clear showing that the probate court abused its discretion. Pio v. Ramsier (1993),88 Ohio App.3d 133, 136; In re Estate of Howard, 9th Dist. No. 05CA008730,2006-Ohio-2176, ¶ 11. The Supreme Court of Ohio has stated that "[t]he term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, quoting State v. Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 8} R.C. 2109.24 governs the removal of fiduciaries and states, in relevant part:
 {¶ 9} "The court may remove any fiduciary, after giving the fiduciary not less than ten days' notice, for habitual drunkenness, neglect of duty, incompetency, or fraudulent conduct, because the interest of the property, testamentary trust, or estate that the fiduciary is responsible for administering demands it, or for any other cause authorized by law."
 {¶ 10} An executor's actions need not rise to violations of law or even cause injury to the estate to justify a finding that the best interest of the estate will be served by removal. In re EstateWilkerson, 9th Dist. No. 22049, 2005-Ohio-159, ¶ 16 citing In re Estateof Bost (1983), 10 Ohio App.3d 147, 149, and In re Estate ofJarvis, 67 Ohio App.2d 94, 97.
 {¶ 11} Initially, we note that no transcript of the trial court's hearing was provided. Further, there is no agreed statement of the record for our review. See App.R. 9(C) and *Page 4 
9(D). We have found this alone was fatal to a party's claim of abuse of discretion in removing a guardian in a probate court action, since, we have "nothing to pass upon and thus, * * * [have] no choice but to presume the validity of the lower court's proceedings * * *." See In reTinman, 6th Dist. No. H-01-061, 2002-Ohio-3149, ¶ 7-8 citing Knapp v.Edwards Laboratories (1980), 61 Ohio St.2d 197, 199.
 {¶ 12} In the judgment entry which is the subject of this appeal, the trial court stated:
 {¶ 13} "In testimony before the Court, Administrator Fitzgerald informed the Court that it was his intention to close this estate by distributing estate assets to himself. Mr. Fitzgerald has long been of the opinion that he is the sole beneficiary of this estate, contrary to the ruling of this Court.
 {¶ 14} "It is clear to the Court that the administrator's intentions magnify the conflict he has in his position as administrator of the estate, and one who claims to be the sole beneficiary. Mr. Fitzgerald testified that he intends to put his own interests ahead of those of Jeri Mayberry who is the minor child and has been determined to be the beneficiary of this estate.
 {¶ 15} "Therefore, this Court finds that since Mr. Fitzgerald cannot resolve his conflict of interest and that he does not intend to follow the directives of this Court, the interests of the estate demand his removal."
 {¶ 16} Under the abuse of discretion standard and the presumptions warranted in the absence of a transcript, we have no choice but to presume the validity of the lower *Page 5 
court's proceedings and its conclusion relative to the conflict of interest between appellant and the estate. The interest of the estate that appellant, as the fiduciary, was responsible for administering demanded that he be removed. Under R.C. 2109.24, this is an appropriate basis for removal of appellant as administrator of the estate.
 {¶ 17} The arguments in appellant's brief are devoted almost exclusively to an alleged error in the trial court's summary judgment determination in the related, though separate, heirship case (case No. 2001 ADV 1925). Appellant contends that the trial court's determination in that case, that Jeri Mayberry was an heir of Andre Sneed and a beneficiary of the estate based on the juvenile court paternity proceeding, was contrary to law. However, appellant did not appeal the judgment in that case. Any error in that case is not subject to our review in the instant appeal.
 {¶ 18} Based on appellant's apparent defiant position relative to the trial court's previous ruling on heirship (which appellant chose not to appeal), the trial court did not abuse its discretion in granting appellee's motion to remove appellant as fiduciary. Appellant's sole assignment of error is not well-taken.
 {¶ 19} On consideration whereof, the court finds that substantial justice has been done the party complaining and the judgment of the Lucas County Court of Common Pleas, Probate Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
 JUDGMENT AFFIRMED. *Page 6 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., and Thomas J. Osowik, J., CONCUR.
[1] Appellant was not named on the birth certificate as the decedent's father and the record contains no evidence of a court proceeding establishing paternity. *Page 1