JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Catherine Brady appeals the order of the probate court that terminated the guardianship of her mother. For the reasons set forth below, we affirm.
 {¶ 2} Appellant is the daughter of Nora Brady. On May 17, 2000, the probate court declared Nora Brady incompetent. The court appointed her son, Edward Brady, guardian of her person. After various issues arose as to whether Nora's daughter Roseann Brady and son-in-law William Benzig converted $100,000 from Nora, the court appointed John McCaffrey guardian of her estate.
 {¶ 3} On August 8, 2002, Appellant entered into a rental agreement with the guardianship of the estate whereby she was to pay $400 per month for rent, plus property taxes, insurance and utilities. McCaffrey subsequently filed a complaint for land sale in guardianship in which he asserted that Nora Brady had not lived in the house and that the property was suffering waste and should be sold. On August 4, 2003, the court ordered the home to be sold.
 {¶ 4} Nora Brady later moved to Minnesota and in August 2004, the Probate Court of Ramsey County, Minnesota issued Bernard letters of guardianship over the person of Nora Brady. In May 2005, McCaffrey proposed that the estate be transferred to Minnesota and that Bernard seek to be appointed guardian of the estate. On January 4, 2006, the Ramsey County Probate Court issued Bernard *Page 3 
Letters of Conservatorship of the Estate of Nora Brady, and McCaffrey subsequently filed a motion to terminate the guardianship of the estate in Cuyahoga County.
 {¶ 5} On May 12, 2006, McCaffrey filed a Motion to Terminate the Guardianship of the Estate. In relevant part, this motion provided:
 {¶ 6} "The Estate of Nora Brady owns no real estate or personal property located in the State of Ohio Pursuant to this Court's authorization, the Ward's house was sold and the proceeds from the sale were deposited into her Vanguard Admiral Treasury Money Market Fund. * * * [T]he Ward has nominal funds currently located in Keybank checking accounts. The ward also holds a promissory note which Roseann Brady and William Benzig have faithfully been making monthly payments toward. The amount remaining on the promissory note represents approximately $67,000. * * * [There are] no pending lawsuits or appeals involving the Guardianship of the Estate of Nora T. Brady[.]"
 {¶ 7} McCaffrey then filed a final account in the matter which indicated that the balance remaining in the estate was the Vanguard fund worth $310,768 and that this fund had been transferred to Bernard as Conservator for the estate. Appellant filed exceptions to the final account which were later overruled and the final account was approved on November 3, 2006.
 {¶ 8} The trial court granted the motion to terminate the guardianship of the estate. Appellant filed a motion to vacate this order, asserting that McCaffrey had perpetrated a fraud upon the court by filing the motion to terminate because it should *Page 4 
have been filed by Bernard as newly appointed Conservator of the estate and Bernard has not posted a bond. She additionally complained that she and others had never been served with the motion to terminate. The trial court denied Appellant's motion and noted that pursuant to R.C. 2111.41, she was not entitled to notice. The court further determined that Bernard had consented to the termination and that it is in the best interests of the ward to have the estate transferred to Minnesota.
 {¶ 9} Appellant now appeals and assigns four errors for our review. Within her first assignment of error, Appellant asserts that the order terminating the guardianship of the estate is void because the motion was not filed by the foreign guardian, Bernard. In her second assignment of error, Appellant complains that the motion was defective because it was unsupported by Bernard's acceptance, oath, and bond and because the guardianship funds were distributed to Bernard prior to the settlement of the final account. In her third assignment of error, Appellant complains that the trial court erred in granting the motion to terminate the guardianship because the motion was not served upon her and was decided without a hearing. In her fourth assignment of error, Appellant complains that Bernard failed to execute a "paper oath" as required under Minnesota law.
 {¶ 10} Pursuant to R.C. 2111.41, *Page 5 
 "When a ward for whom a guardian has been appointed in this state removes to another state or territory, and a guardian of the ward is there appointed, the guardian in this state may be removed and required to settle his account.
 "Such a removal shall not be made unless the guardian appointed in another state or territory applies to the probate court in this state that made the former appointment, and files an exemplification from the record of the court making the foreign appointment containing all the entries and proceedings relating to his appointment, his giving bond, with a copy thereof, and of the letters of guardianship, all authenticated as required by the act of congress. Before such an application is heard or action taken by the court, at least thirty days' written notice shall be served on the guardian appointed in this state specifying the object of the application, and the time it is to be heard.
 "No such removal shall be made in favor of a foreign guardian, unless at the time of the hearing the state or territory in which he was appointed has a similar provision as to wards removing from that state or territory. The court shall grant the application unless it makes an affirmative finding that the removal of the guardian appointed in this state would not be in the interest of the ward. * * * *." *Page 6 
 {¶ 11} Applying this statute to Appellant's first assignment of error, we note that a ward for whom a guardian has been appointed cannot be removed from Ohio unless a foreign guardian of the ward first applies for such removal with the probate court. In re Guardianship ofBolin (April 18, 1997), Miami App. No. 96-CA-30. Nonetheless, the record in this case clearly indicates that the foreign guardian ratified and supported the motion to terminate the guardianship.
 {¶ 12} In any event, it must be noted that the probate court has a general power to appoint and remove guardians, conservators, and testamentary trustees, direct and control their conduct, and settle their accounts. R.C. 2101.24(A)(1)(e). In Re Krause (Dec. 6, 1979), Cuyahoga App. No. 39804. A determination to remove a guardian pursuant to Section 2109.24 is within the sound discretion of the probate court.In re Guardianship of Meyer (Jan. 10, 1996), Summit App. No. 17245, citing In re Estate of Jarvis (1980), 67 Ohio App.2d 94, 97,425 N.E.2d 939. In light of the fact that the ward has moved to Minnesota and Bernard has been named conservator of her estate in that jurisdiction, we find no abuse of discretion.
 {¶ 13} With regard to the second assignment of error, we note that the final account was ultimately settled by the lower court and is not an impediment to the termination of the guardianship.
 {¶ 14} As to the third and fourth assignments of error, Bernard's acceptance of the appointment in Minnesota was submitted to that court in August 2005 and Bernard provided a bond in December 2005. This oath and bond were ultimately *Page 7 
provided to the lower court in this matter. Further, as we have noted, the lower court had full authority to terminate the guardianship pursuant to R.C. 2109.24(A)(1) so any defects under R.C. 2111.41 are not fatal to the trial court's ruling. In re Krause, supra.
 {¶ 15} The assignments of error are overruled, and the judgment of the trial court is affirmed.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 SEAN C. GALLAGHER, P.J., and MARY EILEEN KILBANE, J., CONCUR. *Page 1