The following appeal arises from the decision of the Columbiana County Court of Common Pleas, Probate Division, addressing a complaint filed pursuant to R.C. 2109.50 alleging concealment of assets which properly belonged to an estate. For the reasons set forth below, the decision of the trial court is affirmed in part and the matter is remanded for further proceedings consistent with the holding of this opinion.
 I. FACTS
The record reveals that Arthur E. Sugar ("decedent") and Joann M. Armus Sugar ("appellee"), lived in a common law marriage from 1972 until decedent's death on July 12, 1994. During this period of time, appellee and decedent were engaged in the business of buying and selling antiques. Their business included the operation of a retail shop by appellee and wholesale transactions to other dealers by decedent. The inventory for this business consisted of items each individual owned prior to the common law marriage as well as extensive purchases made by appellee and decedent at auctions, flea markets and other sales. While appellee ran the retail shop and finances of the business, decedent was largely responsible for the wholesale portion of the business which involved other dealers. The business was largely run on a cash basis which inevitably lead to a scarcity of comprehensive records regarding sales and purchases.
The parties' business operated as described until December 1989 at which time decedent suffered a heart attack which resulted in open heart surgery. Testimony at trial indicated that after this time, decedent's role in the business decreased due to physical restrictions resulting from the heart attack and subsequent surgery. Although decedent continued to make purchases for the business, appellee ceased doing retail business and solely assisted decedent. Throughout the period from 1992 until decedent's death in 1994, the parties conducted numerous auctions to rid themselves of inventory and generate funds. Appellee testified at trial that the money generated from these sales was largely used to pay medical expenses and other accumulated debt, however some was used to make additional purchases for the business. Additionally, the proceeds from these sales were divided between the parties depending on whether they were for the sale of items individually owned by the parties or whether the funds were generated as a result of the sale of items jointly held by the parties. Subsequent to decedent's death in July 1994, appellee conducted an additional auction to eliminate inventory which had been accumulated at the parties' residence.
As a result of decedent's death, A. David Sugar ("appellant") was appointed executor of decedent's estate. On August 2, 1994, appellant filed an Application to Administer the Estate of decedent and to act as executor thereof with the Columbiana County Court of Common Pleas, Probate Division, pursuant to decedent's Last Will and Testament. Additionally, on November 30, 1994, appellant filed a complaint pursuant to R.C. 2109.50
alleging that appellee had concealed or conveyed away assets which properly belonged to decedent's estate. The matter was eventually scheduled for trial before the court on October 23, 1995, after numerous continuances. At that time, testimony and evidence was presented to the court in an attempt to resolve the matter. At the conclusion of the trial, the trial judge took the matter under advisement pending the filing of post-trial briefs.
On December 19, 1995, the trial judge issued his decision entering "a finding of 'Guilty' on the Complaint of Concealment of Assets." It was ordered that appellee turn certain items over to the estate which she improperly possessed. Additionally, any sums of money which were determined to be owed to the estate from the sale of decedent's separate property or from jointly owned property were permitted to be withheld by appellee pending a final determination on her family allowance. In that the value of the estate assets held or sold by appellee could not be determined until an appraisal occurred, the trial court held off on assessing a value on the items. Appellant filed the instant appeal to the decision of the trial court on January 12, 1996.
Appellant raises two assignments of error on appeal.
 II. ASSIGNMENT OF ERROR NO. ONE
Appellant's first assignment of error reads:
 "WHERE BUSINESS PARTNERS BY LONG-STANDING CUSTOM SHARE EQUALLY IN ASSETS AND PROFITS, AND ABSENT AN EXPRESS AGREEMENT TO THE CONTRARY, A COURT MUST APPORTION PARTNERSHIP PROPERTY EQUALLY, RATHER THAN ACCORDING TO WHICH PARTNER PHYSICALLY ACQUIRED EACH ASSET."
Under appellant's first assignment of error, it is argued that the trial court erred when it failed to grant the estate what it was properly entitled to receive. Appellant argues that during the period of time that the antique business was operated, decedent and appellee shared equally in the profits from such. Essentially, it is asserted that the business was operated as a partnership whereas profits were jointly pooled and shared. In light of the nature of this ongoing relationship, appellant argues that the trial court should have granted the estate funds equal to half of the proceeds from all 1995 sales in addition to half of the value of all inventory remaining after the 1995 sales.
Appellee responds to this proposal by arguing that the trial court's decision was correct in light of the fact that decedent and appellee were not only in business together but were husband and wife. As such, while proceeds from sales were often jointly shared, testimony revealed that much of the money went to satisfy marital debt. Therefore, no money remained from sales to distribute to the estate. Additionally, appellee points out that a portion of the proceeds from the sales were accumulated as a result of the selling of separate property of the parties. Testimony at the trial revealed that numerous items sold at the auctions qualified as separate property of either appellee or decedent. Consequently, appellee argues that the trial court properly divided the proceeds according to whether the property from which the proceeds were derived was jointly owned or whether it was separate property of one of the parties. Appellee argues further that appellant mis-characterizes the parties as "business partners." While appellee and decedent did operate a business together, it is argued that they did so as husband and wife and not as a formal partnership.
A review of appellant's argument as set forth in his brief reveals no recitation of law in support of his proposition. Furthermore, appellant makes only general allegations in support of his argument that all proceeds should be divided in accordance with partnership principles. While the trial court did find that appellee had concealed certain assets, essentially appellant argues that the trial court did not go far enough. Appellant contends that appellee should have been found guilty of concealing additional proceeds thus warranting a larger award to the estate. In reaching its final determination in the case sub judice, the trial court largely relied upon witness testimony to arrive at its conclusion regarding the division of assets and proceeds.
It is well-settled that when reviewing evidence presented at a trial, an appellate court must not re-weigh the evidence. This standard has previously been held to be applicable when addressing whether a trial court erred in its determination as to the concealment of assets from an estate. In re Estate ofClapsaddle (1992), 79 Ohio App.3d 747, 755. As previously indicated by the Ohio Supreme Court, a judgment supported by some competent, credible evidence must not be reversed as being against the manifest weight of the evidence. Gerijo, Inc. v.Fairfield (1994), 70 Ohio St.3d 223, 226. Additionally, an appellate court is guided by a presumption that the findings of the trier of fact are correct. Seasons Coal Co., Inc. v.Cleveland (1984), 10 Ohio St.3d 77, 80.
 "The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Id.
Due to the fact that the trial court's final determination as to the concealment of assets was largely based upon witness testimony, this court must give deference to its findings. The trial court clearly was in the best position to determine the credibility of the testimony provided on record and arrive at a conclusion based upon such. Therefore, so long as competent, credible evidence is of record supporting the trial court's findings, this court is compelled to affirm.
A review of the record reveals that appellee testified at length regarding the ownership of property sold subsequent to decedent's death. Appellee provided testimony regarding exhaustive lists of items which had been sold subsequent to decedent's death or which remained in her possession. Through her testimony, appellee opined as to the ownership of the items, whether they were solely her's, solely decedent's or jointly owned. In response to this testimony, appellant offered little in the way of evidence or testimony to refute appellee's conclusions. After all, appellant had minimal involvement in the business as compared to appellee. Additionally, due to the business being largely run on a cash basis, little could be offered in the way of evidence to counter appellee's position. Therefore, the court was well within its authority to find appellee's testimony to be credible in determining what in fact had been concealed and what property was rightfully possessed by appellee.
By determining that appellee maintained separate property, the trial court correctly found that said property was not subject to being conveyed to the estate for distribution and that possession by appellee was not equivalent to concealment. Only those assets which were partially or wholly owned by decedent were subject to being transferred to the estate. While appellant would have this court order an even distribution of all 1995 sales and all inventory remaining after these sales, such a division is not supported by the record. Appellant would have this court believe that decedent and appellee operated the business as a partnership thus requiring an even distribution of the assets in question. However, as previously mentioned, appellant has only made general, unsubstantiated allegations that a partnership existed. This court is not persuaded that this type of business relationship has been shown to exist based upon the record and appellant's arguments. Appellant has undercut his own position when he suggests in his brief that he was entitled to half of the 1995 proceeds and inventory in addition to the "specific items of personal property found by the trial court to have belonged solely to the Decedent." Essentially, appellant would have this court subject appellee's personal property to being divided evenly with the estate while precluding decedent's personal property from a similar division. Such an argument further supports a finding that the trial court properly weighed the testimony provided by the parties and arrived at the correct conclusion. While a party asserting error at the trial court level bears the burden of demonstrating error by reference to matters made part of the record, appellant has failed to meet this requirement.Hartt v. Munobe (1993), 67 Ohio St.3d 3, 7, citing Knapp v.Edwards Laboratories (1980), 61 Ohio St.2d 197.
For the foregoing reasons, the trial court's decision was supported by sufficient, credible evidence. Therefore, appellant's first assignment of error lacks merit.
 III. ASSIGNMENT OF ERROR NUMBER TWO
Appellant's second assignment of error reads:
 "WHEN A PARTY IS FOUND GUILTY OF CONCEALING ASSETS IN A PROCEDURE UNDER R.C 2109.50 ET SEQ., THE MANDATORY TEN PERCENT (10%) PENALTY AND ASSESSMENT OF ALL COSTS CONTAINED IN R.C. 2109.52 MUST BE IMPOSED IN FAVOR OF THE APPLICANT AND AGAINST THE GUILTY PARTY."
Appellant next argues that although the trial court did find that appellee improperly concealed certain estate assets, it failed to order the payment of a 10% penalty plus costs as mandated under R.C. 2109.52. Appellee concedes that the trial court is in fact mandated to assess the 10% penalty plus all costs in the case sub judice. However, appellee points out that the statutorily required penalty is not yet ascertainable as the trial court specifically found that "since the appraisal value of certain [concealed] assets is undetermined, the Court is not in a position to accurately compute the value of estate assets in her [appellee's] possession." Therefore, the penalty cannot be determined until an evaluation of the assets determined to be concealed has been completed.
R.C. 2109.52 states in relevant part:
 "In all cases, except when the person found guilty is the fiduciary, the probate court shall forthwith render judgment in favor of the fiduciary or if there is no fiduciary in this state, the probate court shall render judgment in favor of the state, against the person found guilty, for the amount of the moneys or the value of the chattels or choses in action concealed * * * together with ten percent penalty and all costs of such proceedings or complaint; * * *"
The trial court clearly found that appellee had concealed certain assets when it stated in its entry "To the extent that the respondent-surviving spouse has in her possession any assets herein described, the Court hereby enters a finding of 'Guilty' on the Complaint for Concealment of Assets." As such, R.C. 2109.52 was automatically triggered giving rise to a 10% penalty plus assessment of all costs arising out of this action. However, the court additionally found that the value of the assets which had been concealed was not ascertainable until such time as an appraisal occurred. Therefore, it was pre-mature for the trial court to grant the remedies outlined in R.C. 2109.52. The court necessarily was forced to wait until an appraisal occurred until it could calculate the 10% penalty and costs. Therefore, while the concealment of certain assets did warrant the remedies sought by appellant, the trial court did not err in not assessing such at the conclusion of the trial. The valuation of the concealed assets must be determined before any penalty or total costs may be calculated.
While R.C. 2109.52 mandates the relief sought by appellant, this matter is not yet ripe for our review. The trial court has not refused or failed to grant the relief requested, it was merely unable to do so until a proper valuation of assets occurred. Based upon this conclusion, this court will not grant the relief requested but will remand this matter for further proceedings consistent with the dictates of R.C. 2109.52. The trial court's decision is affirmed in all other respects.
Cox, P. J., concurs.
Waite, J., concurs.
APPROVED:
 ---------------------------- JOSEPH J. VUKOVICH, JUDGE